STEVEN H. HANEY, SBN 121980
GREGORY L. YOUNG SBN 226293
HANEY LAW GROUP
1055 West Seventh Street
Suite 1950
Los Angeles, California 90017
Telephone: 213-228-6500
Facsimile: 213-228-6501
E-mail: shaney@haneylawgroup.com

Attorneys for Plaintiffs

FILED
CLERK, U.S. DISTRICT COURT
JUN - 7 2013
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**ROMYE ROBINSON, an individual, and IMANI WILCOX, an individual,**

**Plaintiffs,**

**v.**

**DELICIOUS VINYL RECORDS, LLC, a California Limited Liability Company, TREVANT HARDSON, an individual, DERRICK STEWART, an individual, and DOES 1-50,**

**DEFENDANTS**

Case No. CV 13-04111-CAS (PLAx)

**VERIFIED COMPLAINT FOR:**

**(1) BREACH OF WRITTEN CONTRACT (SETTLEMENT AGREEMENT/DISSOCIATION AGREEMENT)**

**(2) BREACH OF WRITTEN CONTRACT (TOUR AGREEMENT)**

**(3) BREACH OF WRITTEN CONTRACT (RECORDING CONTRACT)**

**(4) COMMON LAW TRADEMARK INFRINGEMENT (PHARCYDE MARK)**

**(5) COMMON LAW TRADEMARK INFRINGEMENT ( BIZARRE RIDE MARK)**

**(6) VIOLATION OF RIGHT OF PUBLICITY PURSUANT TO CAL. CIV. CODE §3344**

(7) **VIOLATION OF COMMON LAW RIGHT OF PUBLICITY**

(8) **UNFAIR COMPETITION PURSUANT TO 15 U.S.C. §1125(a)**

(9) **UNFAIR COMPETITION PURSUANT TO CAL. BUS. & PROF. CODE §17200**

(10) **FALSE ADVERTISING PURSUANT TO CAL. BUS. & PROF. CODE §17500**

(11) **UNJUST ENRICHMENT**

(12) **INJUNCTIVE RELIEF**

(13) **ACCOUNTING**

(14) **DECLARATORY RELIEF**

**DEMAND FOR JURY TRIAL**

Haney Law Group
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

**COMES NOW ROMYE ROBINSON and IMANI WILCOX, and allege as follows:**

## THE PARTIES

1. At all times herein mentioned, PLAINTIFF, ROMYE ROBINSON ("ROBINSON"), was and is an individual with his principal residence located in the County of Los Angeles, State of California.

2. At all times herein mentioned, PLAINTIFF, IMANI WILCOX ("WILCOX"), was and is an individual with his principal residence located in the County of Los Angeles, State of California.

3. ROBINSON and WILCOX are sometimes referred to collectively

herein as the "PLAINTIFFS."

4. At all times herein mentioned, PLAINTIFF is informed and believes and thereon alleges that Defendant DELICIOUS VINYL, RECORDS LLC, ("DVR") is a Delaware Limited Liability Company.

5. PLAINTIFF is informed and believes and thereon alleges that Defendant TREVANT HARDSON ("HARDSON"), is an individual with his principal residence in Portland, Oregon.

6. PLAINTIFF is informed and believes and thereon alleges that Defendant DERRICK STEWART ("STEWART"), is an individual with his principal residence in Los Angeles, California.

7. DEFENDANTS DOES 1 through 50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to PLAINTIFFS. When their true names and capacities are ascertained, PLAINTIFFS will amend this complaint by inserting their true names and capacities herein. PLAINTIFFS are informed and believe and thereon allege that each of the fictitiously named DEFENDANTS is responsible in some manner for the occurrences herein alleged, and that PLAINTIFFS' damages as herein alleged were proximately caused by those DEFENDANTS. Each reference in this complaint to "Defendant" or a specifically named Defendant refers also to all DEFENDANTS sued under fictitious names.

8. PLAINTIFF is informed and believes and thereon alleges that, at all times herein mentioned, each of the DEFENDANTS sued herein was the agent, employee, and co-conspirator of each of the remaining DEFENDANTS and was at all times acting in concert with each of the remaining DEFENDANTS with the purpose and scope of such agency and employment, and conspiracy.

9. DVR, HARDSON, STEWART, and DOES 1-50, are sometimes collectively referred to herein as the "DEFENDANTS."

10. PLAINTIFFS and DEFENDANTS are sometimes collectively referred to herein as the "PARTIES."

Haney Law Group
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

## JURISDICTION AND VENUE

11. This Court has jurisdiction pursuant to 28 U.S.C. §1121 and 28 U.S.C. §§1331 and 1338 over the federal unfair competition claim, which arises under the Federal Lanham Act, 15 U.S.C. §§1051 et seq.; and has jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 over the state unfair competition, and common law trademark infringement claims; and has jurisdiction pursuant to 28 U.S.C. §1367 over the remainder of the state law claims.

12. Further, the PLAINTIFFS have a pending application for trademark registration before the United States Patent and Trademark Office related to the PHARCYDE marks, which if granted, would provide this Court with exclusive jurisdiction pursuant to 28 U.S.C. §1338.

13. PLAINTIFFS are informed and believe and thereon allege that this Court has personal jurisdiction over DEFENDANTS. Defendant DVR is a Limited Liability Company organized under the laws of California, with its principal place of business in Los Angeles, California. Defendant STEWART's principal residence is in Los Angeles, California. Defendant HARDSON has extensive contacts with, and conducts business in, the State of California and this Judicial District. HARDSON records his music for a California recording company, namely DVR, and regularly publically performs his music in the State of California, and this Judicial District. Further, contractual breaches by, and tortious conduct of the DEFENDANTS, complained of herein, occurred in the State of California, and within this Judicial District.

14. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as Defendant DVR is a Limited Liability Company organized under the laws of California, with its principal place of business in Los Angeles, California. Defendant STEWART's principal residence is in Los Angeles, California. Defendant HARDSON has extensive contacts with, and conducts business in, the State of California and this Judicial District. HARDSON records his music for a California

Haney Law Group
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

recording company, namely DVR, and regularly publically performs his music in the State of California, and this Judicial District. Further, contractual breaches by, and tortious conduct of the DEFENDANTS, complained of herein, occurred in the State of California, and within this Judicial District.

**FACTS COMMON TO ALL CAUSES OF ACTION**

15. The PLAINTIFFS and the DEFENDANTS performed together as a hip hop group under the collective name "The Pharcyde,"from 1989 until 1997, when STEWART left the group to pursue a career as a solo artist.

16. On, or about, May 31, 1992 PLAINTIFFS and DEFENDANTS HARDSON and STEWART entered into a recording contract with Defendant DVR (the Recording Contract). A true and correct copy of the Recording Contract is attached hereto as Exhibit 1 and incorporated herein by this reference.

17. On, or about, December 5, 1997, PLAINTIFFS and Defendant HARDSON entered into an agreement terminating the term of, and amending the Recording Agreement (the "1997 Amendment"). A true and correct copy of the 1997 Amendment is attached hereto as Exhibit 2 and incorporated herein by this reference.

18. Pursuant to the terms of both the Recording Contract and the 1997 Amendment, DVR was granted limited rights to certain intellectual property of the PLAINTIFFS, including the rights to PLAINTIFFS' names, likenesses and other identifying material, only in connection with the sale or promotion of recordings recorded under the Recording Contract as amended.

19. The group's first album was entitled "Bizarre Ride II the Pharcyde." That album remains the Pharcyde's best known project, and Plaintiff's claim common law trademark and service mark rights to the BIZARRE RIDE II THE PHARCYDE mark, as well as to the PHARCYDE trademark and service mark, based on the facts set forth herein. Both the PHARCYDE AND BIZARRE RIDE II THE PHARCYDE marks are famous marks as that term is contemplated in 15 U.S.C. §1125(c).

20. The group continued on as a trio, consisting of PLAINTIFFS and

Haney Law Group
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

HARDSON, until August 1, 1999, when HARDSON dissociated himself from the group. In, or about, 2004, the PLAINTIFFS and Hardson entered into a written contract entitled Settlement Agreement and Mutual General Release of Claims (the "Settlement Agreement"). A true and correct copy of the Settlement Agreement is attached hereto as Exhibit 3 and incorporated herein by this reference. Exhibit A to the Settlement Agreement is HARDSON's written dissociation agreement (the "Dissociation Agreement").

21. In, or around, June 2008, the Parties embarked on a reunion tour, in preparation for which the Parties entered into an Agreement (the "Tour Agreement") whereby all Parties agreed that "Ownership of 'The PHARCYDE ' name, intellectual property, and likenesses are and shall remain the sole property of Romye Robinson and Imani Wilcox. This includes album artwork, merchandise designs, and other elements that the public may associate with "The PHARCYDE ." The other artists acquire no direct right to the name or any of its affiliations by virtue of their participation in this project." A true and correct copy of the Tour Agreement is attached hereto as Exhibit 4 and incorporated herein by this reference.

22. The PHARCYDE has consisted of only the Plaitiffs from August 1, 1999 to the present.

23. The PHARCYDE mark has been in continuous use since the formation of the band in 1989 to the present, and in continuous legal use solely by the PLAINTIFFS since at least August 1, 1999, the date of HARDSON's dissociation.

24. Notwithstanding Hardson's two signed agreements to the contrary, and Stewart's signed agreement to the contrary, Hardson and Stewart have engaged in a persistent pattern, of performing under the PHARCYDE name, and, in using both the PHARCYDE and BIZARRE RIDE II THE PHARCYDE marks in their promotional materials for live appearances, and otherwise. Such personal appearances have been in numerous states within the United States as well as abroad. The promotional materials have been published on the internet and through other interstate

Haney Law Group
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

media. True and correct copies of some the promotional materials using Plaintiff's marks are attached hereto as Exhibit 5 and incorporated herein by this reference.

25. Defendant DVR has served, and continues to serve as the promoter for DEFENDANTS HARDSON and STEWART's live performances, and has even offered to indemnify the operators of venues at which HARDSON and STEWART play, in the event that PLAINTIFFS pursue legal action.

26. Despite numerous cease and desist letters to DEFENDANTS, HARDSON and STEWART continue to perform under the PHARCYDE name, and to use both the PHARCYDE and BIZARRE RIDE II THE PHARCYDE marks in their promotional materials for live appearances, and otherwise, via the internet and other modes of interstate commerce. True and correct copies of the cease and desist letters are attached here as Exhibit 6 and incorporated herein by this reference. Defendant DVR continues to serve as the promoter for HARDSON and STEWART's live performances.

Haney Law Group
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

27. PLAINTIFFS have had a European tour scheduled for some time, for Spring 2013.

28. DEFENDANTS HARDSON and STEWART, promoted by Defendant DVR, have scheduled live performances, under the PHARCYDE name, and utilizing the PHARCYDE and BIZARRE RIDE II THE PHARCYDE marks in their promotional materials. Such promotion was worldwide via the internet, and otherwise, for every European city in which PLAINTIFFS have a concert scheduled, always appearing a few days, to a couple of weeks, prior to the scheduled concert of the PLAINTIFFS.

29. These practices of the DEFENDANTS have caused a great deal of confusion among consumers, with a likelihood of additional confusion at each stop of the PLAINTIFFS' tour, and have cost PLAINTIFFS revenue from consumers who might otherwise pay to see a PHARCYDE performance, wrongfully believing that the legitimate concerts by PLAINTIFFS will be the same show that just appeared in that

city.

**FIRST CAUSE OF ACTION**

**BREACH OF WRITTEN CONTRACT (DISSOCIATION AGREEMENT)**

**AGAINST HARDSON AND DOES 1-50, INCLUSIVE**

30. PLAINTIFFS hereby restate and incorporate by reference paragraphs 1 - 29 above as though set forth in full herein.

31. On August 1, 1999, Defendant HARDSON dissociated from the musical group known as The PHARCYDE .

32. In, or about 2004, PLAINTIFFS and Defendant HARDSON entered into the written Settlement Agreement, and written Dissociation Agreement.

33. Pursuant to the terms of each of those agreements, HARDSON specifically waived any right in and to the name, trademark, and/or designation "The PHARCYDE ."

34. Pursuant to the terms of the Dissociation Agreement, Defendant HARDSON also agreed that PLAINTIFFS are the "sole remaining members of PHARCYDE , and have exclusive use of the name PHARCYDE and all derivatives thereof."

35. PLAINTIFFS have performed all, or substantially all of the significant and material acts required of them pursuant to the terms of the Settlement Agreement and the Dissociation Agreement.

36. Defendant HARDSON breached both the Settlement Agreement and the Dissociation Agreement by repeatedly and continuously, within the last four years, using the name, trademark and designation PHARCYDE , and derivatives thereof, including, without limitation, BIZARRE RIDE II THE PHARCYDE .

37. As an actual and proximate result of Defendant HARDSON's breaches of the Settlement Agreement and the Dissociation Agreement, PLAINTIFFS suffered harm, damage, and loss in an amount to be proven at trial.

Haney Law Group
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

38. Pursuant to the terms of the Settlement Agreement, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs of litigation from the other party, and PLAINTIFFS hereby request such fees and costs, in an amount according to proof.

39. Pursuant to the terms of the Settlement Agreement, the parties thereto agree that a breach thereof will likely result in irreparable harm to the non-breaching party, for which money damages alone will not be sufficient, and accordingly consent to injunctive and other equitable relief upon the institution of proceedings therefor by the non-breaching party.

**SECOND CAUSE OF ACTION**

**BREACH OF WRITTEN CONTRACT (TOUR AGREEMENT)**

**AGAINST HARDSON, STEWART, AND DOES 1-50, INCLUSIVE**

40. PLAINTIFFS hereby restate and incorporate by reference paragraphs 1 - 39 above as though set forth in full herein.

41. On, or about, June 11, 2008, PLAINTIFFS and DEFENDANTS HARDSON and STEWART entered into the written Tour Agreement.

42. Pursuant to the terms of the Tour Agreement, "[o]wnership of 'The PHARCYDE ' name, intellectual property, and likenesses are and shall remain the sole property of Romeye Robinson and Imani Wilcox. This includes album artwork, merchandise designs, and other elements that the public may associate with "The PHARCYDE ." The other artists acquire no direct right to the name or any of its affiliations by virtue of their participation in this project."

43. PLAINTIFFS have performed all, or substantially all, of the significant and material acts required of them pursuant to the terms of the Settlement Agreement and the Dissociation Agreement.

44. DEFENDANTS HARDSON and STEWART breached the Tour Agreement by repeatedly and continuously, within the last four years, using the PHARCYDE name, intellectual property, and likenesses.

Haney Law Group
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

45. As an actual and proximate result of DEFENDANTS HARDSON's and STEWART's breaches of the Tour Agreement, PLAINTIFFS suffered harm, damage, and loss in an amount to be proven at trial.

46. Pursuant to the terms of the Tour Agreement, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs of litigation from the other party, and PLAINTIFFS hereby request such fees and costs, in an amount according to proof.

**THIRD CAUSE OF ACTION**

**BREACH OF WRITTEN CONTRACT (RECORDING CONTRACT AS AMENDED BY 1997 AMENDMENT)**

**AGAINST DVR AND DOES 1-50, INCLUSIVE**

47. PLAINTIFFS hereby restate and incorporate by reference paragraphs 1 - 46 above as though set forth in full herein.

48. On, or about, May 31, 1992 PLAINTIFFS and DEFENDANTS HARDSON and STEWART entered into a recording contract with Defendant DVR (the Recording Contract). See Exhibit 1..

49. On, or about, December 5, 1997, PLAINTIFFS and Defendant HARDSON entered into an agreement terminating the term of, and amending the Recording Agreement (the "1997 Amendment"). See Exhibit 2.

50. Pursuant to the terms of both the Recording Contract and the 1997 Amendment, DVR was granted limited rights to certain intellectual property of the PLAINTIFFS, including the rights to PLAINTIFFS' names, likenesses and other identifying material, only in connection with the sale or promotion of recordings recorded under the Recording Contract as amended.

51. PLAINTIFFS have performed all, or substantially all, of the significant and material acts required of them pursuant to the terms of the Settlement Agreement and the Dissociation Agreement.

52. Defendant DVR breached both the Recording Agreement and the 1997

Haney Law Group
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

Amendment by repeatedly and continuously, within the last four years, using the PHARCYDE name, intellectual property, and identities, likenesses, images, and celebrity identities of PLAINTIFFS in promoting live performances of DEFENDANTS HARDSON and STEWART and other goods and services, other than the recordings permitted by the Recording Contract and 1997 Amendment.

53. As an actual and proximate result of Defendant DVR's breaches of the Tour Agreement, PLAINTIFFS suffered harm, damage, and loss in an amount to be proven at trial.

54. Pursuant to the terms of both the Recording Contract and the 1997 Amendment, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs of litigation from the other party, and PLAINTIFFS hereby request such fees and costs, in an amount according to proof.

Haney Law Group
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

**FOURTH CAUSE OF ACTION**

**COMMON LAW TRADEMARK/SERVICE MARK INFRINGEMENT**

**(PHARCYDE MARK)**

**AGAINST ALL DEFENDANTS**

55. PLAINTIFFS hereby restate and incorporate by reference paragraphs 1 through 54 above as though set forth in full herein.

56. PLAINTIFFS have common law rights in the PHARCYDE trademark and service mark based on their continuous use of the PHARCYDE mark in California, and nationwide, since 1989 in connection with the public performance of music, the sale of recorded music, and the sale of merchandise, ancillary to said music.

57. DEFENDANTS unauthorized use of PLAINTIFFS' PHARCYDE marks to promote, advertise, market, and sell their goods and services is likely to cause confusion, mistake, and deception of the public as to the origin of DEFENDANTS' goods and services, or as to a connection or affiliation with PLAINTIFFS, or a permission from PLAINTIFFS that does not exist, causing immediate and irreparable harm to PLAINTIFFS for which there is no adequate

remedy at law. DEFENDANTS' conduct thus constitutes common law trademark/service mark infringement.

58. In the Tour Agreement, DEFENDANTS HARDSON and STEWART agreed and acknowledged the existence of the "PHARCYDE intellectual property" and the ownership of same as "the sole property" of PLAINTIFFS.

59. In the Settlement Agreement, Defendant Hardson agreed and acknowledged the PLAINTIFFS' trademark rights in the PHARCYDE mark and waives any claim thereto.

60. In the Dissociation Agreement, Defendant Hardson agreed and acknowledged that PLAINTIFFS have "exclusive use of the name PHARCYDE and all derivatives thereof."

61. In the Recording Contract, Defendant DVR agreed and acknowledged that it only had the right to use the PHARCYDE name in connection with the sale of the band's recordings.

62. Despite their actual and constructive knowledge of PLAINTIFFS' ownership and prior use of the PHARCYDE mark, DEFENDANTS have continued to use the PHARCYDE mark without PLAINTIFFS' authorization or consent.

63. DEFENDANTS' actions are deliberate and wilful and have been done with trading upon the intention of trading upon the valuable goodwill built up by PLAINTIFFS in their PHARCYDE marks.

64. PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANTS have profited financially from their conduct.

65. As an actual and proximate result of DEFENDANTS' conduct, PLAINTIFFS have suffered harm, damage, and loss in an amount to be proven at trial.

Haney Law Group
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

**FIFTH CAUSE OF ACTION**

**COMMON LAW TRADEMARK/SERVICE MARK INFRINGEMENT**

**(BIZARRE RIDE II THE PHARCYDE MARK)**

**AGAINST ALL DEFENDANTS**

66. PLAINTIFFS hereby restate and incorporate by reference paragraphs 1 through 65 above as though set forth in full herein.

67. PLAINTIFFS have common law rights in the BIZARRE RIDE II THE PHARCYDE trademark and service mark based on their continuous use of the BIZARRE RIDE II THE PHARCYDE marks in California, and nationwide, since 1992 in connection with the public performance of music, the sale of recorded music, and the sale of merchandise, ancillary to said music.

68. DEFENDANTS unauthorized use of PLAINTIFFS' BIZARRE RIDE II THE PHARCYDE marks to promote mistake, and deception of the public as to the origin of DEFENDANTS' goods and services, or as to a connection or affiliation with PLAINTIFFS, or a permission from PLAINTIFFS that does not exist, causing immediate and irreparable harm to PLAINTIFFS for which there is no adequate remedy at law. DEFENDANTS' conduct thus constitutes common law trademark infringement.

69. In the Tour Agreement, DEFENDANTS HARDSON and STEWART agreed and acknowledged the existence of the "PHARCYDE intellectual property" and the ownership of same as "the sole property" of PLAINTIFFS.

70. In the Settlement Agreement, Defendant Hardson agreed and acknowledged the PLAINTIFFS' trademark rights in the PHARCYDE mark and waives any claim thereto.

71. In the Dissociation Agreement, Defendant Hardson agreed and acknowledged that PLAINTIFFS have "exclusive use of the name PHARCYDE and all derivatives thereof."

72. In the Recording Contract, Defendant DVR agreed and acknowledged

Haney Law Group
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

that it only had the right to use the PHARCYDE name in connection with the sale of the band's recordings.

73. Despite their actual and constructive knowledge of PLAINTIFFS' ownership and prior use of the BIZARRE RIDE II THE PHARCYDE marks, DEFENDANTS have continued to use the BIZARRE RIDE II THE PHARCYDE marks without PLAINTIFFS' authorization or consent.

74. DEFENDANTS' actions are deliberate and wilful and have been done with trading upon the intention of trading upon the valuable goodwill built up by PLAINTIFFS in their BIZARRE RIDE II THE PHARCYDE marks.

75. PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANTS have profited financially from their conduct.

76. As an actual and proximate result of DEFENDANTS' conduct, PLAINTIFFS have suffered harm, damage, and loss in an amount to be proven at trial.

Haney Law Group
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

**SIXTH CAUSE OF ACTION**

**VIOLATION OF RIGHT OF PUBLICITY PURSUANT TO CAL. CIV. CODE §3344**

**AGAINST ALL DEFENDANTS**

77. PLAINTIFFS hereby restate and incorporate by reference paragraphs 1 through 76 above as though set forth in full herein.

78. DEFENDANTS, have within the past two years, used the voices, photographs, and likenesses of each of the PLAINTIFFS for the purposes of advertising, soliciting purchases, and promoting their goods and services, without the prior consent of either Plaintiff.

79. The statute of limitations for California statutory right of publicity claims is four years. *Miller v. Glenn Miller Prods.*, 318 F. Supp. 2d 923, 942 (C.D. Cal. 2004).

80. As a result of DEFENDANTS' actions, as described above, DEFENDANTS have violated Saunders' statutory right of publicity, as set forth in

Haney Law Group
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

California Civil Code section 3344.

81. DEFENDANTS' acts in violating PLAINTIFFS' rights under California Civil Code section 3344 were intentional, malicious, oppressive, fraudulent, deliberate and/or willful.

82. As a result of DEFENDANTS' actions, as described above, DEFENDANTS have violated PLAINTIFFS' statutory rights of publicity, as set forth in California Civil Code section 3344.

83. As an actual and proximate result of DEFENDANTS' conduct, Plaintiff has suffered harm, damage, and loss in an amount to be proven at trial.

84. PLAINTIFFS are therefore entitled to an award of (1) any damages sustained by PLAINTIFFS as a result of DEFENDANTS' use of PLAINTIFFS' names, voices, signatures, photographs, or likenesses without PLAINTIFFS' prior consent; (2) the greater of seven hundred fifty dollars ($750) or the actual damages suffered as a result of DEFENDANTS' unauthorized use of PLAINTIFFS' names, photograph or likeness, (2) any profits from the unauthorized use that are attributable to the use and are not taken into account in computing the actual damages, (3) punitive damages and (4) attorney's fees and costs.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA COMMON LAW RIGHT OF PUBLICITY**

**AGAINST ALL DEFENDANTS**

85. PLAINTIFFS hereby restate and incorporate by reference paragraphs 1 through 84 above as though set forth in full herein.

86. DEFENDANTS, have within the past two years, appropriated and used the identities, voices, photographs, and likenesses of each of the PLAINTIFFS to the DEFENDANTS' own advantage for the purposes of advertising, soliciting purchases, and promoting their goods and services, without the prior consent of either Plaintiff.

87. As an actual and proximate result of DEFENDANTS' conduct, Plaintiff has suffered harm, damage, and loss in an amount to be proven at trial.

88. As a result of DEFENDANTS' actions, as described above, DEFENDANTS have violated PLAINTIFFS' common law rights of publicity.

89. DEFENDANTS' acts in violating PLAINTIFFS' rights under California's Common Law Right of Publicity were intentional, malicious, oppressive, fraudulent, deliberate and/or willful.

**EIGHT CAUSE OF ACTION**

**UNFAIR COMPETITION PURSUANT TO 15 U.S.C. §1125(a)**

**AGAINST ALL DEFENDANTS**

90. PLAINTIFFS hereby restate and incorporate by reference paragraphs 1 through 89 above as though set forth in full herein.

91. The PLAINTIFFS' PHARCYDE and BIZARRE RIDE II THE PHARCYDE trademarks and service marks are famous marks as that term is defined in 15 U.S.C. §1125(c). The PLAINTIFFS have used, and continue to use, the PHARCYDE and BIZARRE RIDE II THE PHARCYDE trademarks and service marks on CDs, music downloads, and other goods and merchandise, as well as in promotion of live performances by the PHARCYDE , in interstate commerce prior to the unauthorized use of the same.

92. Each of the PLAINTIFFS' names, identities, voices, and visual likenesses are readily recognizable and are exclusively owned by PLAINTIFFS. The PLAINTIFFS have used, and continue to use, the names, identities, voices, and visual likenesses and celebrity identities, of each of the PLAINTIFFS on CDs, music downloads, and other goods and merchandise, as well as in promotion of live performances by the PHARCYDE , in interstate commerce prior to the unauthorized use of the same.

93. DEFENDANTS' unauthorized use in interstate commerce of the PHARCYDE and BIZARRE RIDE II THE PHARCYDE trademarks and service marks, as well as the identities, voices, visual likenesses, and celebrity identities, of each of the PLAINTIFFS in promotions and advertising for DEFENDANTS' goods

Haney Law Group
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

and services creates the likelihood of confusion in the minds of actual and potential consumers as to the source, association, affiliation, approval or sponsorship of the PLAINTIFFS, and is likely to cause dilution by blurring and dilution by tarnishment of Plaintiffs' famous marks.

94. DEFENDANTS' unauthorized use in interstate commerce of the PHARCYDE and BIZARRE RIDE II THE PHARCYDE trademarks and service marks, as well as the PLAINTIFFS' images, voices, likenesses and celebrity identities is likely to confuse consumers as to the PLAINTIFFS' authorization, sponsorship, endorsement and/or approval of DEFENDANTS' goods and services, and is likely to cause dilution by blurring and dilution by tarnishment of Plaintiffs' famous marks.

95. DEFENDANTS' use of PLAINTIFFS' images, likenesses, voices, and celebrity identities is an intentional act designed to associate DEFENDANTS goods and services with PLAINTIFFS' celebrity identities, to capitalize thereon, and to suggest authorization, sponsorship, endorsement and/or approval by PLAINTIFFS, in order to profit therefrom.

96. DEFENDANTS' acts in violating PLAINTIFFS' rights under 15 United States Code section 1125(a) and 1125(c) were malicious, oppressive, fraudulent, deliberate and/or willful.

97. By reason of the foregoing, PLAINTIFFS assert a claim against DEFENDANTS for DEFENDANTS' profits, PLAINTIFFS' damages in an amount to be proven at trial, the costs of the action, including without limitation attorney's fees, punitive damages and injunctive relief pursuant to 15 United States Code sections 1125(a), 1125(c), 1117, and 1116.

**NINTH CAUSE OF ACTION**

**UNFAIR COMPETITION PURSUANT TO CAL. BUS. & PROF. CODE §17200**

**AGAINST ALL DEFENDANTS**

98. PLAINTIFFS hereby restate and incorporate by reference paragraphs 1 through 97 above as though set forth in full herein.

99. DEFENDANTS' actions described herein and specifically, without

Haney Law Group
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

limitation, DEFENDANTS' use of the PHARCYDE and BIZARRE RIDE II THE PHARCYDE trademarks and service marks, and confusingly similar variations thereof in commerce to advertise, market, promote and sell DEFENDANTS' goods and services throughout the United States and abroad; DEFENDANTS' use of the identities, photographs, visual likenesses, voices, and celebrity identities of PLAINTIFFS in commerce to advertise, market, promote and sell DEFENDANTS' goods and services throughout the United States and abroad in an effort to encroach on PLAINTIFFS' business and PLAINTIFFS' ownership of their intellectual property, constitute trademark infringement and unfair competition in violation of the laws of the State of California.

100. By these actions, DEFENDANTS have engaged in unfair competition in violation of the statutory law of the State of California, to wit Cal. Bus. & Prof. Code §17200, and, as a result, PLAINTIFFS have suffered and will continue to suffer damage, harm, and loss to their business, reputation, and goodwill.

101. As an actual and proximate result of DEFENDANTS' willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial and, unless DEFENDANTS are restrained, Plaintiff will continue to suffer immediate and irreparable damage for which there is no adequate remedy at law alone.

102. PLAINTIFFS are entitled to an award of the expenses of litigation against DEFENDANTS, including reasonable attorney's fees, as a result of DEFENDANTS' unauthorized and intentional actions and bad faith.

103. Plaintiff is entitled to an award of punitive damages against DEFENDANTS in order to punish DEFENDANTS and deter the same or similar conduct in the future.

**TENTH CAUSE OF ACTION**

**FALSE ADVERTISING PURSUANT TO CAL. BUS. & PROF. CODE §17500**

**AGAINST ALL DEFENDANTS**

104. PLAINTIFFS hereby restate and incorporate by reference paragraphs 1 through 103 above as though set forth in full herein.

Haney Law Group
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

104. DEFENDANTS' actions described herein and specifically, without limitation, DEFENDANTS' use of the PHARCYDE and BIZARRE RIDE II THE PHARCYDE trademarks and service marks, and confusingly similar variations thereof in commerce to advertise, market, promote and sell DEFENDANTS' goods and services throughout the United States and abroad; DEFENDANTS' use of the identities, photographs, visual likenesses, voices, and celebrity identities of PLAINTIFFS in commerce to advertise, market, promote and sell DEFENDANTS' goods and services throughout the United States and abroad constitute trademark infringement, unfair competition, and false advertising in violation of the laws of the State of California.

105. By these actions, DEFENDANTS have engaged in false advertising in violation of the statutory law of the State of California, to wit Cal. Bus. & Prof. Code §17500 *et seq*., and, as a result, PLAINTIFFS have suffered and will continue to suffer damage, harm, and loss to their business, reputation, and goodwill.

106. As an actual and proximate result of DEFENDANTS' willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial and,unless DEFENDANTS are restrained, Plaintiff will continue to suffer immediate and irreparable damage for which there is no adequate remedy at law alone.

107. PLAINTIFFS are entitled to an award of the expenses of litigation against DEFENDANTS, including reasonable attorney's fees, as a result of DEFENDANTS' unauthorized and intentional actions and bad faith.

108. Plaintiff is entitled to an award of punitive damages against DEFENDANTS in order to punish DEFENDANTS and deter the same or similar conduct in the future.

**ELEVENTH CAUSE OF ACTION**

**UNJUST ENRICHMENT**

**AGAINST ALL DEFENDANTS**

109. PLAINTIFFS hereby restate and incorporate by reference paragraphs 1 through 108 above as though set forth in full herein.



Haney Law Group
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

110. As an actual, direct, and proximate result of DEFENDANTS' actions, DEFENDANTS have been unjustly enriched.

111. Specifically, DEFENDANTS received monetary remuneration through their pattern and practice of intellectual property infringement, breaches of contracts, misappropriation of the identities, voices, images, visual likenesses, and celebrity identities, of PLAINTIFFS, unfair competition, and false advertising, at the expense of PLAINTIFFS. This has resulted in DEFENDANTS wrongful receipt of profits and injury to the PLAINTIFFS.

**TWELFTH CAUSE OF ACTION**

**INJUNCTIVE RELIEF**

**AGAINST ALL DEFENDANTS**

112. PLAINTIFFS hereby restate and incorporate by reference paragraphs 1 through 111 above as though set forth in full herein.

113. DEFENDANTS have promoted, marketed, sold, distributed and made other commercial use of its goods and services through the use of the publicity rights, trademarks, service marks, trade names, likenesses, images, voices, and celebrity identities of PLAINTIFFS, without the consent of PLAINTIFFS and in contravention of the agreements made between PLAINTIFFS and DEFENDANTS.

114. DEFENDANTS have benefitted from the commercial use of the publicity rights, trademarks, service marks, trade names, likenesses, images, voices, and celebrity identities of PLAINTIFFS.

115. DEFENDANTS' continued promotion, marketing, sale, distribution or other commercial use of its goods and services through the use of the publicity rights, trademarks, service marks, trade names, likenesses, images, voices, and celebrity identities of PLAINTIFFS has caused, and will continue to cause, immediate and irreparable harm to the rights, including without limitation the intellectual property and publicity rights, of PLAINTIFFS, for which there is no adequate remedy at law, unless DEFENDANTS are enjoined from so doing by this Court.

Haney Law Group
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

**THIRTEENTH CAUSE OF ACTION**

**ACCOUNTING**

**AGAINST ALL DEFENDANTS**

116. PLAINTIFFS hereby restate and incorporate by reference paragraphs 1 through 115 above as though set forth in full herein.

117. DEFENDANTS have received payment for public performances by HARDSON and STEWART, as well as for sales of merchandise ancillary to said performances, that were promoted through the use of PLAINTIFFS intellectual property, visual likenesses, voices, images, and identities, without PLAINTIFFS' consent. PLAINTIFFS are informed and believes and thereon allege that DEFENDANTS have realized a profit therefrom. DEFENDANTS, however, have not paid PLAINTIFFS any share of the profit.

118. The exact nature and extent of such sales and revenue is unkown without an accounting of the transactions thereof.

119. PLAINTIFFS as owners of the trademarks, service marks and rights of publicity utilized to generate such sales and revenues are entitled to an accounting.

**FOURTEENTH CAUSE OF ACTION**

**DECLARATORY RELIEF**

**AGAINST ALL DEFENDANTS**

120. PLAINTIFFS hereby restate and incorporate by reference paragraphs 1 through 119 above as though set forth in full herein.

121. A dispute has arisen between the PLAINTIFFS and DEFENDANTS with regard to their respective rights to the trademarks and service marks referenced herein, as well as to the publicity rights of each of the PLAINTIFFS.

122. PLAINTIFFS claim that they own the rights to each of the marks and to their own names, identities, likenesses, visual images, voices, and celebrity identities. DEFENDANTS apparently dispute these contentions.

123. PLAINTIFFS further contend that Defednants' use of the PHARCYDE and BIZARRE RIDE II THE PHARCYDE trademarks and service marks, and the

Haney Law Group
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

PLAINTIFFS identities, likenesses, visual images, voices, and celebrity identities, in advertising and promoting DEFENDANTS' live performances and sales of goods, constitutes common law trademark and service mark infringement, infringement of the PLAINTIFFS' rights of publicity, unfair competition and deceptive trade practices, breach of contract, and false advertising.

124. An actual controversy exists between the Parties regarding the foregoing contentions and dispute thereof.

WHEREFORE, PLAINTIFFS pray judgment against DEFENDANTS, and each of them, jointly and severally, as follows:

1. For a judgment in favor of PLAINTIFFS declaring that PLAINTIFFS are entitled to sole and exclusive rights to the trademark and service mark PHARCYDE , and all derivatives thereof.

2. For a judgment in favor of PLAINTIFFS declaring that PLAINTIFFS are entitled to the sole and exclusive rights to the trademark and service mark BIZARRE RIDE II THE PHARCYDE, and all derivatives thereof.

3. For a judgment in favor of PLAINTIFFS declaring that PLAINTIFFS are each entitled to the sole and exclusive rights to their own common law and statutory publicity rights in their respective names, identities, likenesses, visual images, voices, and celebrity identities, and the commercial exploitation thereof.

4. For a judgment in favor of PLAINTIFFS that DEFENDANTS:

a. have infringed upon the PLAINTIFFS' common law trademarks and service marks PHARCYDE and BIZARRE RIDE II THE PHARCYDE.

b. have infringed upon the statutory and common law rights of publicity of each of the PLAINTIFFS in their respective names, identities, likenesses, visual images, voices, and celebrity identities.

c. have engaged in unfair competition, deceptive trade practices, and false advertising pursuant to state and federal law.

5. For and entry of preliminary, temporary and permanent injunctive relief

Haney Law Group
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

restraining and enjoining DEFENDANTS, and each of them, and all of their agents, successors, and assigns, and all persons in active concert or participation with any of them, from using the PHARCYDE and/or the BIZARRE RIDE II THE PHARCYDE trademarks and/or service marks, or any derivatives thereof, or any other mark, alone or in combination with other words or symbols, which is confusingly similar to the PHARCYDE and/or the BIZARRE RIDE II THE PHARCYDE marks, or which is likely to cause confusion or mistake or to deceive.

6. For and entry of preliminary, temporary and permanent injunctive relief restraining and enjoining DEFENDANTS, and each of them, and all of their agents, successors, and assigns, and all persons in active concert or participation with any of them, from using the names, identities, likenesses, visual images, voices, and celebrity identities, of either of the PLAINTIFFS.

7. For and entry of preliminary, temporary and permanent injunctive relief restraining and enjoining DEFENDANTS, and each of them, and all of their agents, successors, and assigns, and all persons in active concert or participation with any of them, from any further live performances, or sales of goods, for which such live performance, or such goods, have been advertised, marketed, or promoted through the use of the trademarks, service marks, or publicity rights of the Plaintiffs, as described herein.

8. For an accounting and award of profits to PLAINTIFFS of all profits received by DEFENDANTS, and each of them, from their violations of each PLAINTIFFS' statutory rights of publicity pursuant to Cal. Civ. Code §3344.

9. For an accounting and award of profits to PLAINTIFFS of all profits received by DEFENDANTS, and each of them, from engaging in unfair business practices pursuant to 15 U.S.C. §1125(a).

10. For an accounting and award of profits to PLAINTIFFS of all profits received by DEFENDANTS, and each of them, to the extent that DEFENDANTS, and each of them, have been unjustly enriched to the injury and detriment of the PLAINTIFFS.

Haney Law Group
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

11. For an award of all damages sustained by PLAINTIFFS by reason of DEFENDANTS', wrongful acts complained of herein.

12. For an award of all damages sustained by PLAINTIFFS by reason of DEFENDANTS' contractual breaches complained of herein.

13. For an award to the PLAINTIFFS of the costs of this action and reasonable attorneys' fees pursuant to the terms of the Settlement Agreement, the Dissociation Agreement, the Tour Agreement, and the Recording Contract, as well as pursuant to 15 U.S.C. §§1116, 1117, 1125(a), and Cal. Civ. Code §§3344, 17200, and 17500, plus pre and post-judgment interest at the legal rate.

14. For an award of exemplary and punitive damages pursuant to 15 U.S.C. §§1116, 1117, 1125(a), and Cal. Civ. Code §§3344, 17200, and 17500.

15. For an award to PLAINTIFFS of such other and further relief as the Court deems just.

Dated: May 31, 2013

HANEY LAW GROUP

By: ____________________
Gregory L. Young
Attorneys for PLAINTIFFS

Haney Law Group
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

DEMAND FOR JURY TRIAL

Plaintiffs, by and through their attorneys, requests a jury trial in this matter.

Dated: May 31, 2013

HANEY LAW GROUP

By: [signature]
Gregory L. Young
Attorneys for PLAINTIFFS

Haney Law Group
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

## VERIFICATION

I swear (or affirm) under penalty of perjury for the laws of the United States that the foregoing statements in this Complaint are true and correct to the best of my knowledge and understanding.

Executed this 29 day of May, 2013 in Los Angeles, CA

ROMYE ROBINSON

## VERIFICATION

I swear (or affirm) under penalty of perjury for the laws of the United States that the foregoing statements in this Complaint are true and correct to the best of my knowledge and understanding.

Executed this 29 day of May, 2013 in Los Angeles, CA

IMANI WILCOX

Haney Law Group
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017