UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4111 CAS (PLAx) | Date | June 18, 2013 |
|---|---|---|---|
| Title | ROMYE ROBINSON, ET AL. V. DELICIOUS VINYL RECORDS, LLC, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not present | Not present |

**Proceedings:** (In Chambers:) **PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER** (filed June 12, 2013) [Dkt. No. 7]

## I. INTRODUCTION & BACKGROUND

On June 7, 2013, plaintiffs Romye Robinson and Imani Wilcox filed suit against defendants Delicious Vinyl Records, LLC, ("DVR"), Trevant Hardson, and Derrick Stewart. Plaintiffs' complaint asserts the following fourteen claims for relief: (1) breach of the Settlement/Dissociation Agreement; (2) breach of the Tour Agreement; (3) breach of the Recording Contract; (4) common law trademark infringement of the Pharcyde mark; (5) common law trademark infringement of the Bizarre Ride mark; (6) violation of right of publicity pursuant to Cal.Civ. Code § 3344; (7) violation of common law right of publicity; (8) unfair competition pursuant to 15 U.S.C. § 1125(a); (9) unfair competition pursuant to Cal. Bus. & Prof. Code §17200; (10) false advertising pursuant to Cal. Bus. & Prof. Code § 17500; (11) unjust enrichment; (12) injunctive relief; (13) accounting; and (14) declaratory relief.

Plaintiffs and defendants Stewart and Hardson were all original members of the musical group Pharcyde. Stewart and Hardson allegedly left the band in 1997 and 1999, respectively. By reason of a series of agreements between the parties, plaintiffs contend that they are the sole owners and have the sole right to make use of the Pharcyde common law trademarks and service marks, including the PHARCYDE and BIZARRE RIDE II THE PHARCYDE.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4111 CAS (PLAx) | Date | June 18, 2013 |
|---|---|---|---|
| Title | ROMYE ROBINSON, ET AL. V. DELICIOUS VINYL RECORDS, LLC, ET AL. | | |

However, defendants have allegedly continued to use the Pharcyde marks for promoting their own concerts, in violation of plaintiffs' rights under federal trademark law and in breach of the parties' agreement. In particular, Hardson and Stewart have scheduled live performances in various cities under the name "The Pharcyde" a few days or weeks prior to a scheduled concert by plaintiffs in the same city. According to plaintiffs, these incidents have led to confusion among consumers and caused plaintiffs to suffer lost revenues. This alleged practice is ongoing; defendants have scheduled their next concert under The Pharcyde name for June 20, 2013.

On June 13, 2013, plaintiffs filed the instant ex parte application for a temporary restraining order ("TRO"). Dkt. No. 7. Plaintiffs seek an order from this Court enjoining defendants from continuing to use plaintiffs' protected marks. Defendants have yet to file a response.

## II.   LEGAL STANDARD

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical." Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Cal Pharms. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir. 2009). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1132 (9th Cir. 2011). A "serious question" is one on which the movant "has a fair chance of success on the merits." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4111 CAS (PLAx) | Date | June 18, 2013 |
|---|---|---|---|
| Title | ROMYE ROBINSON, ET AL. V. DELICIOUS VINYL RECORDS, LLC, ET AL. | | |

### III.   ANALYSIS

Irrespective of the merits of plaintiffs' claims, the Court concludes that plaintiffs have not demonstrated that they are likely to suffer irreparable injury that justifies immediate, ex parte relief.  Plaintiffs state that they first sent cease and desist letters concerning defendants' use of the Pharcyde marks in February and June of 2012, and that defendants' alleged misconduct has been ongoing throughout this time.  See Decl. of Romye Robinson ¶¶ 15–16.  Given the timespan that has elapsed since February and June 2012, plaintiffs have not shown that there is an emergency that will lead to "immediate and irreparable injury" if a temporary restraining order does not issue.  See Fed. R. Civ. Proc. 65.  Accordingly, the Court denies plaintiffs' ex parte application for a TRO.

Although the Court finds that a temporary restraining order should not issue at present, the Court ORDERS defendants to show cause as to why a preliminary injunction should not issue.  Plaintiffs' are ordered to serve a copy of this minute order on defendants forthwith.  The Court sets the following hearing and briefing schedule for plaintiffs' request for a preliminary injunction:

- Defendants must file an opposition to plaintiffs' request for a preliminary injunction by **June 24, 2013**.

- Plaintiffs may file a reply to defendants' opposition, if any, by **July 1, 2013**.

- A hearing regarding plaintiffs' request for a preliminary injunction will take place on **July 8, 2013**, at 10:00 AM, in Courtroom 5 of this Court, located at 312 North Spring Street, Los Angeles CA, 90012.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |