O

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMYE ROBINSON, an individual; and IMANI WILCOX, an individual,<br><br>　　Plaintiff,<br><br>　　v.<br><br>DELICIOUS VINYL RECORDS, LLC, a California limited liability company; TREVANT HARDSON, an individual; DERRICK STEWART, an individual; and DOES 1–50,<br><br>　　Defendants. | Case No.: 2:13-CV-04111-CAS-PLA<br><br>**PRELIMINARY INJUNCTION** |

　　TO Defendants DELICIOUS VINYL, INC., TREVANT HARDSON, and DERRICK STEWART:

　　Having considered the briefs and argument of counsel before this Court on July 22, 2013, at 10:00 a.m., the Court ORDERS:

　　DELICIOUS VINYL, INC., TREVANT HARDSON, and DERRICK STEWART ARE HEREBY RESTRAINED AND ENJOINED from using the PHARCYDE common law trademark and service mark of Plaintiffs herein (the "Pharcyde Marks"), or any derivative, or materially confusing similar words or

phrases thereof, as well as the names, visual images, photos, likenesses, voices, identities, or celebrity identities, of either or both Plaintiffs herein (the "Publicity Rights") as follows:

1. DELICIOUS VINYL, INC., its agents, employees, affiliates, and assigns, including without limitation, its promoters, booking agents, and performance venues ("DV"), shall not use the Pharcyde Marks or the Publicity Rights in connection with the sale of tickets to, or advertising or promotion of, live musical performances except as expressly set forth herein.

2. TREVANT HARDSON and DERRICK STEWART, individually, or collectively, their agents, employees, related entities, and assigns, including without limitation, promoters, booking agents, and performance venues ("HARDSON and STEWART"), shall not use the Pharcyde Marks or the Publicity Rights, for any purpose, except as expressly set forth herein.

3. DV shall inform all third parties, including promoters, booking agents and performance venues with whom it contracts for the promotion, booking and venues in connection with such performances that it is bound by the terms of this injunction. If DV is made aware of a use of the Pharcyde Marks that violates this injunction then DV will, no later than 48 hours of said notice, instruct said third parties to immediately cease and desist from said conduct. If, after giving such a cease and desist instruction, DV knows or has reason to know that said third parties continue to advertise a performance in violation of this injunction, DV, HARDSON and/or STEWART shall not proceed with the performance.

4. DV may use the Pharcyde Marks and prior approved Publicity Rights in connection with the sales, advertising, or promotion of any musical recordings recorded for DV or any of its affiliates, pursuant to any valid recording agreement between Plaintiffs and DV or any of its affiliates. Such sales, advertising, and promotion of musical recordings shall not include the live performance of music, except as expressly set forth herein.

5.     Prior to and including November 23, 2013, DV may use the Pharcyde marks and its own copyrighted artwork featured in Bizarre Ride II the Pharcyde (the "Album Art") in connection with the live performance of music by HARDSON and STEWART to promote the 20th anniversary release of the album Bizarre Ride II the Pharcyde (which was released on November 24, 1992).  Use of the Pharcyde marks is limited to describing that a live performance is to feature songs from the Bizarre Ride II the Pharcyde album.  Such advertisements and promotional materials shall make clear that such shows are not being performed by the Pharcyde.  Any use of the Pharcyde marks in a deceptive or confusing manner shall constitute a violation of this Preliminary Injunction.

6.     After November 23, 2013, DV shall not use the Pharcyde Marks or the Album Art in connection with the live performance of music, and/or the promotion or advertisement thereof.

7.     HARDSON and STEWART may publically assert that they are former members of the Pharcyde (*e.g.*, "formerly of"), and to that extent, they may use the name Pharcyde in making that assertion, provided that such disclosure is clearly stated, as a description of HARDSON and STEWART's former affiliation with the Pharcyde.  Any use of the Pharcyde marks in a materially deceptive, confusing, or other manner, that suggests any other connection between the Pharcyde and HARDSON and STEWART and/or any performance by HARDSON and/or STEWART shall constitute a violation of this Preliminary Injunction.

The above Preliminary Injunction is effective on Plaintiffs' filing an undertaking in the sum of $50,000.00.

IT IS SO ORDERED.

Date: August 1, 2013

*[signature: Christina A. Snyder]*

Hon. Christina A. Snyder
United States District Court Judge