UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4111-CAS (PLAx) | Date | September 24, 2013 |
|---|---|---|---|
| Title | ROMYE ROBINSON, ET AL. V. DELICIOUS VINYL RECORDS INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| MONICA SALCIDO | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| N/A | N/A |

**Proceedings:** DEFENDANTS' MOTION FOR CLARIFICATION OF AUGUST 1, 2013 PRELIMINARY INJUNCTION (Dkt. No. 54, filed August 30, 2013)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of October 7, 2013, is vacated, and the matter is hereby taken under submission.

**I.   INTRODUCTION AND BACKGROUND**

The facts of this case are complex. They are set forth in detail in this Court's minute order dated August 1, 2013. Dkt. No. 49. The facts and procedural history directly relevant to the consideration of this motion for clarification are set forth below.

On June 7, 2013, plaintiffs Romye Robinson and Imani Wilcox filed suit against defendants Delicious Vinyl, Inc. ("DVI"), Trevant Hardson, and Derrick Stewart. Plaintiffs assert the following fourteen claims for relief: (1) breach of the Settlement/Dissociation Agreement; (2) breach of the Tour Agreement; (3) breach of the Recording Contract; (4) common law trademark infringement of the Pharcyde mark; (5) common law trademark infringement of the Bizarre Ride mark; (6) violation of right of publicity pursuant to Cal. Civ. Code § 3344; (7) violation of common law right of publicity; (8) unfair competition pursuant to 15 U.S.C. § 1125(a); (9) unfair competition pursuant to Cal. Bus. & Prof. Code §17200; (10) false advertising pursuant to Cal. Bus. & Prof. Code § 17500; (11) unjust enrichment; (12) injunctive relief; (13) accounting; and (14) declaratory relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4111-CAS (PLAx) | Date | September 24, 2013 |
|---|---|---|---|
| Title | ROMYE ROBINSON, ET AL. V. DELICIOUS VINYL RECORDS INC., ET AL. | | |

 Plaintiffs filed an ex parte application for a temporary restraining order ("TRO") on June 12, 2013. Dkt. No. 7. The Court denied plaintiff's application and ordered defendants to show cause as to why a preliminary injunction should not issue. Dkt. No. 16. On July 1, 2013, defendants filed an opposition to plaintiffs' application. Dkt. No. 24. On July 8, 2013, plaintiffs filed a reply. Dkt. No. 30. The Court held a hearing on July 22, 2013. The Court held a further telephonic conference on July 26, 2013. Per the Court's instructions, each side submitted a proposed preliminary injunction. The Court issued a preliminary injunction on August 1, 2013. Dkt. Nos. 49, 50. The injunction has not yet taken effect, because plaintiffs have not posted the required $50,000 bond.

 On August 30, 2013, defendants filed a motion for clarification of the terms of the preliminary injunction. Dkt. No. 54. Plaintiffs filed an opposition on September 9, 2013, Dkt. No. 57, and defendants filed a reply on September 16, 2013, Dkt. No. 60. After considering the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

 An order imposing a preliminary injunction must "state its terms specifically," and "describe in detail . . . the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1). In order to ensure compliance with this rule, a district court may clarify the scope of an injunction. Paramount Pictures Corp. v. Carol Publ'g Group, Inc., 25 F. Supp. 2d 372, 374 (S.D.N.Y. 1998) (citing Regal Knitwear Co. v. NLRB, 324 U.S. 9, 15 (1945)). By clarifying the scope of a previously issued preliminary injunction, a court "add[s] certainty to an implicated party's effort to comply with the order and provide[s] fair warning as to what future conduct may be found contemptuous." See N.A. Sales Co., Inc. v. Chapman Indus. Corp., 736 F.2d 854, 858 (2d Cir. 1984). Such clarification may be obtained on motion by a party or made on the court's own motion.

## III. ANALYSIS

 Defendants seek clarification of the scope of the preliminary injunction issued by this Court on August 1, 2013. Defendants argue that the preliminary injunction order (the "Order") contradicts the minutes (the "Minutes") issued by the Court on the same date. Mot. Clarification 8. In this regard, defendants argue that the Order imposes a "blanket prohibition," beginning after November 23, 2013, on defendants' right to market and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4111-CAS (PLAx) | Date | September 24, 2013 |
|---|---|---|---|
| Title | ROMYE ROBINSON, ET AL. V. DELICIOUS VINYL RECORDS INC., ET AL. | | |

promote DVI's copyrighted works, such as the "Bizarre Ride II the Pharcyde" album. Id. at 8-9. Defendants explain that this prohibition would interfere with their ability to promote live tributes or celebrations, featuring artists performing songs to which they hold the copyright. Id. at 9.

According to defendants, this prohibition contradicts the Minutes, because the Minutes did not indicate that DVI would be in violation of plaintiffs' trademark rights or any recording agreement by presenting future "anniversaries or other promotional live performances" of works to which it holds copyright. Id. at 8. Rather, the Court stated that use of the "Pharcyde" mark in the context of the album title "Bizarre Ride II the Pharcyde" constitutes a fair use of that mark. Id. at 8 (citing Minutes 10 n.5). Defendants seek a clarification of the language of the Order that addresses this contradiction, and attach a proposed modified preliminary injunction order that, in their view, corrects any contradictions or ambiguities. Crump Decl. Ex. E.

In response, plaintiffs argue that the preliminary injunction is "abundantly clear," and needs no clarification. Opp. Mot. Clarification 4. According to plaintiffs, defendants are seeking this clarification in order to secure for themselves the "right, in perpetuity, to utilize [plaintiffs'] intellectual property and publicity rights." Id. at 5. Plaintiffs argue that DVI's rights to plaintiffs' intellectual property and publicity rights are limited to the "sale, advertising, and promotion" of recorded music. Id.

Plaintiffs also argue that defendants' motion is actually a motion for reconsideration pursuant to Fed. R. Civ. P. 60, and that defendants have not met the standard for reconsideration of a judgment or order set forth in that rule. Id. at 4.

In their reply, defendants argue that they are seeking a clarification, not a modification of the preliminary injunction, and that their motion is therefore not a motion for reconsideration under Fed. R. Civ. P. 60. Reply Mot. Clarification 2-4. Defendants also argue that any reference to the "Bizarre Ride II the Pharcyde" album constitutes a nominative fair use of the "Pharcyde" trademark and/or service mark, and that it would therefore be improper for the Order to restrain defendants from engaging in this fair use. Id. at 4-7.

The Court concludes that the Minutes properly define the scope of the injunction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4111-CAS (PLAx) | Date | September 24, 2013 |
|---|---|---|---|
| Title | ROMYE ROBINSON, ET AL. V. DELICIOUS VINYL RECORDS INC., ET AL. | | |

issued on August 1, 2013. In the Minutes, the Court noted that DVI obtained a copyright on the sound recording, artwork, and photography for the "Bizarre Ride II the Pharcyde" album. Minutes 3. The Court also stated that "there is no dispute that [defendants] Hardson and Stewart retained the right to refer to themselves as 'formerly of the Pharcyde.'" Minutes 8. DVI's proposed modifications to the Court's Order would not clarify the scope of the injunction. The proposed language is overly broad and confusing. However, in the interests of avoiding uncertainty, the Court will add clarifying text to paragraph 6 of the Order. The new text of paragraph 6 will read:

> After November 23, 2013, DV shall not use the Pharcyde Marks or the Album Art in connection with the live performance of music, and/or the promotion or advertisement thereof. Notwithstanding the foregoing, defendants may use the word "Pharcyde" when referring to the album title "Bizarre Ride II the Pharcyde."

The Court will issue a revised preliminary injunction that reflects this change. This addition of text is intended to clarify the scope of the injunction as set forth in the Minutes, pursuant to its inherent discretion to clarify injunctions that it issues. See, e.g., N.A. Sales Co., 736 at 858. The Court does not purport to modify the scope of the injunction as issued on August 1, 2013.

## V.  CONCLUSION

In accordance with the foregoing, plaintiffs' motion for clarification is GRANTED as described herein. A separate injunction shall issue that reflects the clarification.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | MS |