UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | 2:13-cv-04111-CAS(PLAx) | Date | April 30, 2014 |
|---|---|---|---|
| Title | ROMYE ROBINSON, ET AL. V. DELICIOUS VINYL RECORDS INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers:) PLAINTIFFS' EX PARTE APPLICATION FOR ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT (Dkt. #84, filed April 23, 2014)

## I.   INTRODUCTION AND BACKGROUND

The facts of this case are known to the parties, and are set forth in this Court's prior orders, including the Court's order dated August 1, 2013. Dkt. #49. The facts and procedural history directly relevant to the consideration of the present application are set forth below.

Plaintiffs filed this action on June 7, 2013, against defendants Delicious Vinyl, Inc., Trevant Hardson, and Derrick Stewart. Dkt. #1. The operative first amended complaint ("FAC") asserts claims for breach of contract, trademark infringement, and related claims. Id. By order dated August 1, 2013, the Court issued a preliminary injunction. Dkt. #'s 49-50. On September 24, 2013, the Court issued an amended preliminary injunction (the "Preliminary Injunction"). Dkt. #'s 63-64. As relevant here, the Preliminary Injunction provides as follows:

> After November 23, 2013, [defendant Delicious Vinyl, Inc. ("DV")] shall not use the Pharcyde Marks or the Album Art in connection with the live performance of music, and/or the promotion or advertisement thereof. Notwithstanding the foregoing, DV may use the word "Pharcyde" when referring to the album title "Bizarre Ride II the Pharcyde."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-04111-CAS(PLAx) | Date | April 30, 2014 |
|---|---|---|---|
| Title | ROMYE ROBINSON, ET AL. V. DELICIOUS VINYL RECORDS INC., ET AL. | | |

[Defendants Trevant Hardson and Derrick Stewart] may publicly assert that they are former members of the Pharcyde (e.g., "formerly of"), and to that extent, they may use the name Pharcyde in making that assertion, provided that such disclosure is clearly stated, as a description of HARDSON and STEWART's former affiliation with the Pharcyde. Any use of the Pharcyde marks in a materially deceptive, confusing, or other manner, that suggests any other connection between the Pharcyde and HARDSON and STEWART and/or any performance by HARDSON and/or STEWART shall constitute a violation of this Preliminary Injunction.

Dkt. #63. On April 23, 2014, plaintiffs filed an ex parte application seeking an order to show cause why defendants should not be held in contempt for violating this provision of the Preliminary Injunction. Dkt. #84. Defendants filed an opposition on April 25, 2014, dkt. #87, and plaintiffs replied on April 28, 2014, dkt. #88. After considering the parties' arguments, the Court finds and concludes as follows.

**II.    LEGAL STANDARD**

To find a party in civil contempt for violating a court order, the moving party must establish: "(1) that [defendant] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order." In re Dual-Deck Video Cassette Recorder Antitrust Litigation, 10 F.3d 693, 695 (9th Cir. 1993). The defendant's conduct "need not be willful" to violate a consent judgment, and there is "no good faith exception to the requirement of obedience"—other than one's good faith interpretation of a provision of the court's order. Id. Additionally, the moving party must carry its burden of establishing a violation of the order by clear and convincing evidence; a preponderance of the evidence is insufficient. Id. Moreover, "contempt is appropriate only when a party fails to comply with a court order that is both specific and definite." Balla v. Idaho State Bd. of Corrections, 869 F.2d 461, 465 (9th Cir. 1989).

"Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-04111-CAS(PLAx) | Date | April 30, 2014 |
|---|---|---|---|
| Title | ROMYE ROBINSON, ET AL. V. DELICIOUS VINYL RECORDS INC., ET AL. | | |

contemptuous behavior, or both."[1]  General Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1380 (9th Cir. 1986).  Coercive fines, or any portion thereof, are payable to the Court rather than to the opposing party.  Id.  When imposing a coercive civil contempt sanction, a court should consider: (1) the character and magnitude of the harm from continued noncompliance; (2) the probable effectiveness of any sanctions in achieving future compliance; (3) the amount of defendant's financial resources; and (4) the willfulness of the violating party.  See U.S. v. United Mine Workers of America, 330 U.S. 258, 303–304 (1946); General Signal Corp, 787 F.2d at 1380.  The amount of a compensatory fine, on the other hand, should be based upon the movant's actual losses suffered as a result of the violation.  Id.; see also Shuffler v. Heritage Bank, 720 F.2d 1141, 1148 (9th Cir. 1983).

### III. ANALYSIS

Plaintiffs assert that defendants have violated the Preliminary Injunction by engaging in the following conduct.  First, plaintiffs assert that defendants posted an advertisement, on or about March 24, 2014, stating that defendants Hardson and Stewart would be performing on April 22, 2014.  Pls' Ex. C.  In this advertisement, Hardson and Stewart are identified as "of the Pharcyde," and not "formerly of the Pharcyde."  Id.[2]  Second, plaintiffs assert that, on or about April 16, 2014, defendants posted several additional advertisements on the internet for performances scheduled to take place in April and May 2014.  Pls' Ex. D.  In each of these advertisements, defendants Hardson and Stewart are identified as members of "The Pharcyde."  Id.

Plaintiffs state that, upon discovering these advertisements, they sent multiple cease and desist letters to defendants' counsel, but received no response.  Young Decl. ¶

---

[1] Plaintiffs do not state whether they are pursuing coercive sanctions, compensatory sanctions, or both.  The Court will presume that plaintiffs are seeking both types of contempt sanctions.

[2] In the advertisements referenced in the present application, Stewart is identified by his pseudonym "Fatlip," and Hardson is identified by his pseudonym "Slimkid3."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-04111-CAS(PLAx) | Date | April 30, 2014 |
|---|---|---|---|
| Title | ROMYE ROBINSON, ET AL. V. DELICIOUS VINYL RECORDS INC., ET AL. | | |

9. Additionally, plaintiffs assert that each of the above-described advertisements continued to "run on multiple internet platforms at least through April 22, 2014." Id.

  Defendant DV responds that it has no involvement with, or ability to control, the advertisements described by plaintiffs because it does not manage Hardson's and Stewart's careers, and does not schedule or promote their live appearances. Ross Decl. ¶ 3.³ Defendant Hardson asserts that the advertisements identified by plaintiffs in the present application "appear to be created by third-party promoters of live appearances" that Hardson was to have made with Stewart. Hardson Decl. ¶ 3.⁴ Additionally, Hardson contends that he and Stewart have complied with the Preliminary Injunction by inserting a provision into the rider attached to all contracts (the "Artist Rider") pertaining to their

---

  ³ On April 29, 2014, plaintiffs submitted a supplemental declaration, which includes an image that purports to be an advertisement, posted on DV's Facebook page, for a performance by Hardson and Stewart. Dkt. #90. Plaintiffs state that this advertisement "may not" violate the Preliminary Injunction because it identifies Hardson and Stewart as being "formerly of" the Pharcyde. Id. However, plaintiff contends that this advertisement controverts DV's assertion that it has no involvement with the scheduling or promotion of Hardson and Stewart's live appearances. Id. The Court need not resolve this dispute for present purposes. This advertisement identifies Hardson and Stewart as being "formerly of" the Pharcyde, and therefore does not violate the Preliminary Injunction. Accordingly, this advertisement does not change the Court's conclusion that neither defendants, nor anyone under their control, violated the Preliminary Injunction.

  ⁴ Defendants also advance this argument in the form of an evidentiary objection. Specifically, defendants contend that the advertisements provided by plaintiffs in support of their application lack foundation because they contain no indicia of having originated from defendants or their agents. As stated herein, the Court agrees that the advertisements contain no such indicia. Thus, to the extent that plaintiffs are presenting these advertisements as having originated from defendants, defendants' objection is SUSTAINED. However, the Court will consider these advertisements to the extent that they are offered to show that such advertisements have appeared on the internet, regardless of their origin.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-04111-CAS(PLAx) | Date | April 30, 2014 |
|---|---|---|---|
| Title | ROMYE ROBINSON, ET AL. V. DELICIOUS VINYL RECORDS INC., ET AL. | | |

live performances, which states that they should be billed as "formerly of the Pharcyde." Id. ¶ 4, Ex. A at 1. Finally, Hardson states that, immediately after receiving plaintiffs' cease and desist letters, he advised all of the concert venues and concert promoters with which he had contractual arrangements to take down any advertisements that violated the Preliminary Injunction.[5] Id.

In their reply, plaintiffs state that defendants' assertions are "simply not believable." Additionally, plaintiffs provide an image of a ticket which they assert was posted on the internet on December 3, 2013. Young Reply Decl. ¶ 5. From the image provided by plaintiffs, it is not possible to determine the date of the performance to which this ticket pertains. In any event, plaintiffs do not explain how this image pertains to the present application, which seeks to hold defendants in contempt based on advertisements allegedly posted in March and April 2014.

The Court finds that defendants should not be held in contempt because the actions complained of by plaintiffs were taken by third parties over which defendants have no legal control. Cf. United States v. Int'l Broth. of Teamsters, et al., 899 F.2d 143, 147 (2d Cir. 1990) (holding that a person should not be held in contempt based on his failure to exert control over third parties, when that person has no legal right to control those parties); Newman v. Graddick, 740 F.2d 1513, 1528 (11th Cir. 1984) (same). While plaintiffs provide evidence that advertisements have appeared on the internet referring to defendants as "the Pharcyde," the record contains no evidence that defendants created those advertisements or caused them to be distributed. To the contrary, the only advertisements that have been submitted which arguably suggest that DV has some involvement in advertising bill Hardson and Stewart as being "formerly of the Pharcyde." Indeed, DV asserts that it has had no involvement in the advertisement or promotion of the performances referenced in the present application. Ross Decl. ¶ 4. Similarly, Hardson states that the advertisements appended to the present application appear to have been created by third-party promoters. Hardson Decl. ¶ 3.

---

[5] Hardson also states that the performances advertised in the postings referenced by plaintiffs "have been postponed due to scheduling matters," and that neither he nor Stewart has realized any proceeds from performing at these venues. Hardson Decl. ¶ 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-04111-CAS(PLAx) | Date | April 30, 2014 |
|---|---|---|---|
| Title | ROMYE ROBINSON, ET AL. V. DELICIOUS VINYL RECORDS INC., ET AL. | | |

Hardson also provides evidence that he and Stewart have taken an affirmative step to attempt to ensure that third parties do not violate the Preliminary Injunction. Cf. Food Lion, Inc. v. United Food and Commercial Workers Int'l Union, 103 F.3d 1007, 1018 (D.C. Cir. 1997) (holding that "good faith" may be one non-dispositive factor in determining whether a party should be held in contempt). In this regard, Hardson provides evidence that he and Stewart have inserted the Artist Rider into their agreements with concert venues. Id. As stated above, the Artist Rider instructs promoters to identify Hardson and Stewart as "formerly of the Pharcyde." Id.

Accordingly, in view of the evidence that (1) the complained-of conduct was perpetrated by third parties beyond the legal control of defendants, and (2) defendants have taken an affirmative step to attempt to ensure that the Injunction is not violated, the Court finds that defendants should not be held in contempt.

## IV.    CONCLUSION

In accordance with the foregoing, plaintiffs' ex parte application is hereby DENIED.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |