UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-04111-CAS(PLAx) | Date | October 20, 2014 |
|---|---|---|---|
| Title | ROMYE ROBINSON ET AL. V. DELICIOUS VINYL RECORDS INC, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Katherine Stride | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Gregory Young | Jonathan Freund |
| | Stephen Crump |

**Proceedings:**  DEFENDANT TREVANT HARDSON'S MOTION TO COMPEL ARBITRATION

## I. INTRODUCTION

Plaintiffs Romye Robinson ("Robinson") and Imani Wilcox ("Wilcox") filed this action in this Court on June 7, 2013 against defendants Trevant Hardson ("Hardson"), Derrick Stewart ("Stewart"), Delicious Vinyl, Inc. ("DVI"), and Does 1-50. Plaintiffs' operative first amended complaint ("FAC") asserts the following fourteen claims for relief: (1) breach of the Settlement/Dissociation Agreement; (2) breach of the Tour Agreement; (3) breach of the Recording Contract as amended by the 1997 Amendment; (4) common law trademark infringement of the "Pharcyde" mark; (5) common law trademark infringement of the "Bizarre Ride II the Pharcyde" mark; (6) violation of the right of publicity pursuant to Cal. Civil Code § 3344; (7) violation of the common law right of publicity; (8) unfair competition pursuant to 15 U.S.C. § 1125(a); (9) unfair competition pursuant to Cal. Bus. & Prof. Code §17200; (10) false advertising pursuant to Cal. Bus. & Prof. Code § 17500; (11) unjust enrichment; (12) injunctive relief; (13) accounting; and (14) declaratory relief. Dkt. 71. Plaintiffs assert claim one solely against Hardson, claim two against both Hardson and Stewart, and claim three solely against DVI. Plaintiffs assert the remaining eleven claims against all defendants.

By order dated August 1, 2013, the Court issued a preliminary injunction against all defendants. Dkts. 49, 50. Defendants subsequently filed a motion to dismiss plaintiffs' original complaint, which the Court granted in part on October 7, 2013. Dkt. 64. Plaintiffs then filed the aforementioned verified FAC on November 7, 2013. Dkt. 71.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:13-cv-04111-CAS(PLAx) | Date | October 20, 2014 |
|---|---|---|---|
| Title | ROMYE ROBINSON ET AL. V. DELICIOUS VINYL RECORDS INC, ET AL. | | |

On September 22, 2014, defendant Hardson filed a motion to compel arbitration of the claims asserted against him pursuant to the terms of the Settlement and Dissociation Agreement. Dkt. 113. Plaintiffs opposed this motion on September 29, 2014, dkt. 125, and Hardson replied on October 6, 2014, dkt. 129. The Court held a hearing on October 20, 2014. Having considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

This case arises from a disagreement among the current and former members of a hip-hop group and their record label.

### A. Overview

Plaintiffs Robinson and Wilcox and defendants Hardson and Stewart performed together as a hip hop group under the collective name "The Pharcyde" from 1989 until 1997. FAC ¶ 15. On or about May 31, 1992, plaintiffs and defendants Hardson and Stewart entered into a recording contract with defendant DVI (the "Recording Contract"). Id. ¶ 16. The Pharcyde's first album was entitled "Bizarre Ride II the Pharcyde," and remains the Pharcyde's best known project. Id. ¶ 19. Defendant Stewart left the group in 1997. Id. ¶ 15.

On or about December 5, 1997, plaintiffs and defendant Hardson entered into an agreement with DVI terminating and amending the Recording Contract ("1997 Amendment"). Id. ¶ 17. Pursuant to the terms of the Recording Contract and the 1997 Amendment, DVI was granted limited rights to plaintiffs' intellectual property, including the rights to use plaintiffs' names, likenesses, and other identifying material in connection with the sale or promotion of recordings recorded under the Recording Contract as amended. Id.

The Pharcyde continued performing as a trio, consisting of plaintiffs and Hardson, until August 1, 1999, when Hardson dissociated from the group. Id. ¶ 20. Subsequently, Hardson and plaintiffs entered into a Settlement and Mutual General Release of Claims Agreement, as well as a Dissociation Agreement (the "Settlement and Dissociation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL      'O'

| Case No. | 2:13-cv-04111-CAS(PLAx) | Date | October 20, 2014 |
|---|---|---|---|
| Title | ROMYE ROBINSON ET AL. V. DELICIOUS VINYL RECORDS INC, ET AL. | | |

Agreement"), in 2004. Id., Ex. 3.[1] Plaintiffs allege that Hardson breached the Settlement and Dissociation Agreement by, *inter alia*, repeatedly using the name "the Pharcyde" and derivatives thereof, including "Bizarre Ride II the Pharcyde." Id. ¶ 37.

    In or around June 2008, plaintiffs and defendants Hardson and Stewart entered into a tour agreement in preparation for a reunion tour (the "Tour Agreement"). Id. ¶ 21. The Tour Agreement expressly provided that plaintiffs retained ownership of the Pharcyde name, intellectual property, and likenesses. Id., Ex. 4 ¶ 3.

    According to plaintiffs, Hardson and Stewart have engaged in a "persistent pattern" of performing under the Pharcyde name and using the Pharcyde and "Bizarre Ride II the Pharcyde" marks in promotional materials. Id. ¶ 24. Plaintiffs allege that DVI serves as the promoter for Hardson and Stewart's live performances, and that Hardson and Stewart persist in their conduct despite receiving cease and desist letters from plaintiffs. Id. ¶¶ 26-27. Plaintiffs further allege that defendants scheduled live performances under the Pharcyde name, using "the Pharcyde" and "Bizarre Ride II the Pharcyde" marks, sometimes several weeks before plaintiffs were scheduled to give live performances in the same location. Id. ¶ 29.

    **B.**    **The Settlement and Dissociation Agreement**

    As discussed above, defendant Hardson entered into a Settlement and Dissociation Agreement with plaintiffs in 2004. Id. ¶ 20, Ex. 3. That agreement contained the following relevant provisions:

> 1. <u>Dissociation/Waiver of Rights</u>. HARDSON and the PHARCYDE [plaintiffs] agree to execute the Dissociation Agreement attached hereto as Exhibit "A," setting forth the terms of HARDSON's dissociation from the PHARCYDE effective on August 1, 1999 (the "Separation Date"). ***HARDSON specifically waives any right in and to the name, title, trademark and/or designation "The PHARCYDE."*** HARDSON further

---

[1] The Dissociation Agreement was incorporated by reference into the Settlement and Mutual General Release of Claims Agreement. FAC, Ex. 3, ¶ 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL            'O'

| | | | |
|---|---|---|---|
| Case No. | 2:13-cv-04111-CAS(PLAx) | Date | October 20, 2014 |
| Title | ROMYE ROBINSON ET AL. V. DELICIOUS VINYL RECORDS INC, ET AL. | | |

agrees that all sums to which he may be entitled from a third party that are made payable to The PHARCYDE, shall be paid in accordance with the terms of the Dissociation Agreement.

* * *

4. <u>Assignment</u>.

b.  Effective immediately, *Hardson shall not avail himself of or use the name, trademark and/or designation "The Pharcyde", "Pharcyde", "Edy Crahp" or any derivative or substantially similar designation in any medium or commercial manner whatsoever except that Hardson shall be granted the right hereby to make public reference to himself as "formerly of the Pharcyde" without breaching this Agreement.*  Hardson acknowledges and agrees that as between Hardson and Partners [plaintiffs], Partner[s] are and shall continue to be the sole and exclusive owner of all right, title and interest in and to the name, trademark and/or designation "Pharcyde" or "The Pharcyde" in any medium or commercial manner whatsoever.  Notwithstanding the foregoing, Pharcyde [plaintiffs] shall have the perpetual and unrestricted right to use Hardson's name and likeness and biographical information currently in use or substantially similar thereto on or in connection with the exploitation of Pharcyde Projects.

* * *

6. <u>Arbitration</u>.  *Any and all disputes arising under this Agreement or relating to the terms hereof shall be submitted to arbitration* in Los Angeles, California in accordance with the rules of the American Arbitration Association.  Each party shall nominate one arbitrator, and the two arbitrators so appointed shall appoint a third arbitrator. Judgment upon the award rendered may be entered in any court having jurisdiction hereof. In the event of litigation or arbitration, the prevailing party shall be entitled to recover any and all reasonable attorney's fees and other costs incurred in the enforcement of the terms of this Agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-04111-CAS(PLAx) | Date | October 20, 2014 |
| Title | ROMYE ROBINSON ET AL. V. DELICIOUS VINYL RECORDS INC, ET AL. | | |

    7. <u>Miscellaneous</u>. . . . This Agreement shall be governed and construed pursuant to the laws of the State of California as though it were to be performed in its entirety within the State of California.

<u>Id.</u> (emphasis added).

## III. LEGAL STANDARD

    The Federal Arbitration Act ("FAA") provides that "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA reflects a "liberal federal policy favoring arbitrations agreements." <u>Gilmer v. Interstate/Johnson Lane Corp.</u>, 500 U.S. 20, 25 (1991) (quoting <u>Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 24 (1983)).

    The "first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate the dispute." <u>Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.</u>, 473 U.S. 614, 626 (1985). The court must determine (1) whether there exists a valid agreement to arbitrate; and (2) if there is a valid agreement, whether the dispute falls within its terms. <u>Chiron Corp. v. Ortho Diagnostic Sys.</u>, 207 F.3d 1126, 1130 (9th Cir. 2000). When determining whether a valid and enforceable contract to arbitrate has been established for the purposes of the FAA, federal courts should apply "ordinary state-law principles that govern the formation of contracts to decide whether the parties agreed to arbitrate a certain matter." <u>First Options of Chicago, Inc. v. Kaplan</u>, 514 U.S. 938, 944 (1995); <u>Circuit City Stores v. Adams</u>, 279 F.3d 889, 892 (2002). "[A]greements to arbitrate [may] be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." <u>AT & T Mobility LLC v. Concepcion</u>, 131 S.Ct. 1740 (2011). "Parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." <u>Rent–A–Center, W., Inc. v. Jackson</u>, 561 U.S. 63, 68-69 (2010). However, "the question of arbitrability, is an issue for judicial determination unless the parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL       'O'

| Case No. | 2:13-cv-04111-CAS(PLAx) | Date | October 20, 2014 |
|---|---|---|---|
| Title | ROMYE ROBINSON ET AL. V. DELICIOUS VINYL RECORDS INC, ET AL. | | |

clearly and unmistakably provide otherwise." Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002) (internal citations and quotations omitted).

IV.   DISCUSSION

As a preliminary matter, neither party contests the enforceability of the arbitration provision itself. Accordingly, the Court focuses its analysis on whether defendant Hardson has waived his right to arbitrate and, if not, whether the claims asserted against Hardson are within the scope of the arbitration clause.

A.   Whether Defendant Waived His Right to Arbitration

Plaintiffs assert that defendant Hardson has waived his right to arbitrate. Although a party may waive its right to arbitrate, such waiver is disfavored. Fisher v. A.G. Becker Paribas Inc., 791 F.2d 691, 694 (9th Cir. 1986). Indeed, "[t]he policy favoring arbitration applies 'whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.'" Underwriters Reinsurance Co. v. Ace Am. Ins. Co., 2003 WL 24011931 (C.D. Cal. 2003) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24-25 (1983)). Where, as here, the contract containing the arbitration provision is governed by California law, courts consider the following factors to determine whether arbitration has been waived:

> (1) [W]hether the party's actions are inconsistent with the right to arbitrate; (2) whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place; and (6) whether the delay affected, misled, or prejudiced the opposing party.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-04111-CAS(PLAx) | Date | October 20, 2014 |
|---|---|---|---|
| Title | ROMYE ROBINSON ET AL. V. DELICIOUS VINYL RECORDS INC, ET AL. | | |

Cox v. Ocean View Hotel Corp., 533 F.3d 1114, 1124 (9th Cir. 2008) (quoting Saint Agnes Med. Ctr. v. PacifiCare of California, 31 Cal. 4th 1187, 1196 (2003)) (alteration in original).[2]

    Under both federal and state law, whether litigation results in prejudice to the party opposing arbitration is critical to the waiver determination. Hong v. CJ CGV Am. Holdings, Inc., 222 Cal. App. 4th 240, 249 (2013), review denied (Mar. 19, 2014). The California Supreme Court has explained that "[p]rejudice typically is found only where the petitioning party's conduct has substantially undermined th[e] important public policy [in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution] or substantially impaired the other side's ability to take advantage of the benefits and efficiencies of arbitration." Saint Agnes Med. Ctr., 31 Cal. 4th at 1204.

    Hardson argues that all six of the Cox factors weigh against a finding that he has waived arbitration. Hardson contends that he has not acted inconsistently with the right to arbitrate since he has only "minimally invoked" the litigation machinery, he has not filed a counterclaim, he has not sought discovery from plaintiffs, and he has not waited until the eve of trial to bring this motion. Mot. Comp. Arb. at 13. Further, Hardson argues that plaintiffs have not been prejudiced, since Hardson has obtained no benefit by delaying this motion. Id. at 14.

    In response, plaintiffs assert that Hardson's "extensive" participation in this litigation and his fifteen-month delay in bringing this motion "is inconsistent with any intent to arbitrate." Opp'n Comp. Arb. at 6. Plaintiffs also argue that they have been financially prejudiced by Hardson's delay. Id. at 8. Finally, plaintiffs assert that Hardson

---

    [2] Plaintiffs assert that federal law governs the waiver determination, citing Sovak v. Chugai Pharm. Co., 280 F.3d 1266 (9th Cir. 2002). Opp'n Comp. Arb. at 5. Plaintiffs are correct that Sovak found that "the FAA, and not [state] law, supplies the standard for waiver." 280 F.3d at 1270. However, in Cox the Ninth Circuit clarified that whether rights under a contract—including the right to arbitrate—have been waived, is a question of state law. 533 F.3d at 1121 (9th Cir. 2008) (applying the California Supreme Court's six-factor test). Moreover, the Cox court traced the origin of the federal test for waiver cited in Sovak and concluded that it was not based on California law. Id. at 1124, n.7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| | | | |
|---|---|---|---|
| Case No. | 2:13-cv-04111-CAS(PLAx) | Date | October 20, 2014 |
| Title | ROMYE ROBINSON ET AL. V. DELICIOUS VINYL RECORDS INC, ET AL. | | |

only seeks to compel arbitration and "opt out" of the civil action in an "effort to prevent Plaintiffs from using his deposition testimony," which was inconsistent with the testimony of DVI's person most knowledgeable. Id. at 9.

     The Court finds that Hardson has not waived his right to arbitrate pursuant to the Settlement and Dissociation Agreement. First, Cox factors one through five—which relate to invocation of "the litigation machinery"—weigh against a finding of waiver. Since this litigation began, Hardson, in conjunction with defendants Stewart and DVI, has opposed plaintiffs' motion for a preliminary injunction, moved to clarify the eventual injunction, filed a motion to dismiss certain claims, and filed an answer to the FAC. Mot. Comp. Arb. at 3. However, absent prejudice to the party arguing waiver, "merely participating in litigation, by itself, does not result in a waiver . . . ." Saint Agnes Med. Ctr., 31 Cal. 4th at 1203. See also Quevedo v. Macy's, Inc., 798 F. Supp. 2d 1122, 1131 (C.D. Cal. 2011) (finding no waiver where defendant had "not invoked the litigation machinery beyond the minimum required to defend against the suit."). Further, Hardson has not filed a counterclaim, nor has he filed this motion on the eve of trial, which is currently set for March 2015. See Rodriguez v. Shen Zhen New World I LLC, 2014 WL 908464 at *4 (C.D. Cal. 2014) (finding motion to compel filed six months prior to the trial date was not "close to the trial date" for the purpose of waiver).

     Moreover, "waiver generally does not occur where the arbitrable issues have not been litigated to judgment." Saint Agnes Med. Ctr., 31 Cal. 4th at 1201. Although defendant filed a motion to dismiss, the Court denied the motion in substantial part and, to the extent that the Court granted the motion, it did so without prejudice and provided plaintiffs with leave to amend. See Dkt. 64. Plaintiffs have since filed their First Amended Complaint, addressing the deficiencies identified by the Court. Thus, none of the arbitrable issues have been litigated to judgment.

     Plaintiffs argue that waiver has occurred since Hardson invoked the litigation machinery by engaging in discovery—namely, Hardson attended his deposition and responded to plaintiffs' request for admissions and requests for production of documents. Opp'n Mot. Comp. Arb. at 2. It appears, however, that Hardson himself has yet to pursue affirmative discovery. See Rodriguez, 2014 WL 908464 at *4 (finding no waiver where plaintiff "cite[d] to his own discovery efforts . . . [but] fail[ed] to indicate what discovery, if any, Defendant ha[d] pursued."). This also suggests that Hardson has not "tak[en]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-04111-CAS(PLAx) | Date | October 20, 2014 |
| Title | ROMYE ROBINSON ET AL. V. DELICIOUS VINYL RECORDS INC, ET AL. | | |

advantage of judicial discovery procedures not available in arbitration." Saint Agnes Med. Ctr., 31 Cal. 4th at 1196 (2003); compare In re Toyota Motor Corp. Hybrid Brake Mktg., Sales, Practices & Products Liab. Litig., 828 F. Supp. 2d 1150, 1165 (C.D. Cal. 2011) aff'd sub nom. Kramer v. Toyota Motor Corp., 705 F.3d 1122 (9th Cir. 2013) (finding waiver where Toyota had been litigating for 3 years and obtained the benefit of discovery it would have forfeited in arbitration). Indeed, it appears that plaintiffs—not Hardson—have benefitted from Hardson's delay in bring this motion.

In sum, because "waiver focuses on the actions of the party charged with waiver," Cox, 533 F.3d at 1125, the Court finds that Hardson's decision to mount a defense and his acquiescence to plaintiffs' discovery efforts do not constitute the sort of invocation of the machinery of litigation necessary to support a finding of waiver.

The Court also concludes that plaintiffs have not been prejudiced by Hardson's motion to compel arbitration. The California Supreme Court has unequivocally stated that "courts will not find prejudice where the party opposing arbitration shows only that it incurred court costs and legal expenses." Saint Agnes Med. Ctr., 31 Cal. 4th at 1203. Further, "[w]here the Ninth Circuit has found prejudice following significant and expensive litigation, it has focused on other harms arising from arbitration after lengthy litigation, such as duplication of litigation on the merits." Aguilera v. Prospect Mortgage, LLC, 2013 WL 4779179 at *6 (C.D. Cal. 2013). Here, plaintiffs assert only that they will suffer financial prejudice if forced to arbitrate this dispute. Opp'n Mot. Comp. Arb. at 8. Absent a showing that arbitration would duplicate prior litigation on the merits, plaintiffs have not demonstrated the requisite prejudice for a finding of waiver.

Having considered the factors set forth in Cox, and in light of federal and state policy favoring arbitration, the Court finds that Hardson has not waived his right to arbitrate.

### B. Whether Claims Asserted Against Defendant Are Covered by the Arbitration Agreement

Hardson seeks to compel arbitration of the following claims: (1) breach of the Settlement and Dissociation Agreement; (2) common law trademark infringement of the "Pharcyde" mark; (3) common law trademark infringement of the "Bizarre Ride II the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     **'O'**

| Case No. | 2:13-cv-04111-CAS(PLAx) | Date | October 20, 2014 |
|---|---|---|---|
| Title | ROMYE ROBINSON ET AL. V. DELICIOUS VINYL RECORDS INC, ET AL. | | |

Pharcyde" mark; (4) violation of the right of publicity pursuant to Cal. Civil Code § 3344; (5) violation of the common law right of publicity; (6) unfair competition pursuant to 15 U.S.C. § 1125(a); (7) unfair competition pursuant to Cal. Bus. & Prof. Code §17200; (8) false advertising pursuant to Cal. Bus. & Prof. Code § 17500; (9) unjust enrichment; (10) injunctive relief; (11) accounting; and (12) declaratory relief.  Dkt. 71.

Hardson contends that all of these claims fall within the scope of the Settlement and Dissociation Agreement's "broadly worded" arbitration provision because they will "require interpretation of prohibitory clauses in the [] Agreement (i.e. whether Hardson's conduct was unauthorized by Plaintiffs and thus wrongful)."  Mot. Comp. Arb. at 12.  Plaintiffs respond that only the first claim for breach of the Settlement and Dissociation Agreement is covered by the arbitration clause, and that the remaining eleven claims "have nothing to do with" that agreement.  Opp'n Mot. Comp. Arb. at 9.  Further, plaintiffs argue that there is a risk of inconsistent rulings if Hardson proceeds to arbitration.  Id.  Hardson counters that there is not a risk of inconsistent rulings because plaintiffs' claims against defendants "originate in three separate contracts—the 1997 Amendment (DVI), the Settlement/Dissociation Agreement (Hardson) and the Tour Agreement (Stewart)."  Reply at 4.

It is well established "that where the contract contains an arbitration clause, there is a presumption of arbitrability."  Comedy Club, Inc. v. Improv W. Associates, 553 F.3d 1277, 1284 (9th Cir. 2009) (quoting AT & T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 650 (1986)).  "[A]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.  Doubts should be resolved in favor of coverage."  AT & T Techs., Inc, 475 U.S. at 650; see also Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24–25, (1983) ("The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration . . . .").  Moreover, the presumption is "particularly applicable" where the arbitration clause is broad.  Id. (finding an arbitration clause broad where it provided for arbitration of "any differences arising with respect to the interpretation of this contract or the performance of any obligation hereunder.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-04111-CAS(PLAx) | Date | October 20, 2014 |
|---|---|---|---|
| Title | ROMYE ROBINSON ET AL. V. DELICIOUS VINYL RECORDS INC, ET AL. | | |

The arbitration provision at issue provides that "[a]ny and all disputes *arising under* this Agreement *or relating to the terms hereof* shall be submitted to arbitration." FAC, Ex. 3 (emphasis added). In Simula, Inc. v. Autoliv, Inc., 175 F.3d 716, 720 (9th Cir. 1999), the Ninth Circuit interpreted an arbitration provision requiring arbitration of "[a]ll disputes arising in connection with this Agreement." The court found this language was broad, and reached "every dispute between the parties having a significant relationship to the contract and all disputes having their origin or genesis in the contract." Id. at 721. The court thus concluded that plaintiff's anti-trust, trademark, and tort claims were all subject to arbitration, since the factual allegations underlying the claims touched upon matters covered by the contract containing the arbitration clause. Id. at 721-25. The Court finds that the language "relating to the terms hereof" is substantially similar to the language "arising in connection with." Accordingly, the instant arbitration clause is broad and the presumption in favor of arbitrability is "particularly applicable."

Here, ten of the claims at issue expressly allege that Hardson unlawfully used: the designation "the Pharcyde"; the designation "Bizarre Ride II the Pharcyde," which plaintiffs contend is derivative of "the Pharcyde"; trademarks; or other intellectual property. FAC ¶ 37 (breach of Settlement and Dissociation Agreement); Id. ¶¶ 58, 60, 61 (common law trademark infringement, Pharcyde Mark); Id. ¶¶ 69, 71, 72 (common law trademark infringement, Bizarre Ride II The Pharcyde Mark); Id. ¶ 93 (unfair competition pursuant to 15 U.S.C. §1125(a)); Id. ¶ 100 (unfair competition pursuant to Cal. Bus. & Prof. Code §17200); Id. ¶ 106 (false advertising pursuant to Cal. Bus. & Prof. Code §17500); Id. ¶ 112 (unjust enrichment); Id. ¶ 116 (injunctive relief); Id. ¶ 118 (accounting); Id. ¶ 124 (declaratory relief). The remaining two claims for violation of the statutory and common law rights of publicity allege that Hardson has used the "photographs and likenesses of each of the PLAINTIFFS . . . without the prior consent of either PLAINTIFF." Id. ¶ 79, 93.

The Court finds that the first ten claims "arise under" the Settlement and Dissociation Agreement. The assignment clause in the Settlement and Dissociation Agreement provides that "Hardson shall not avail himself of or use the name, trademark and/or designation 'The Pharcyde', 'Pharcyde', 'Edy Crahp' or any derivative or substantially similar designation in any medium or commercial manner whatsoever . . . ." In the ten claims discussed supra, plaintiffs expressly allege that Hardson has improperly used their trademarks or a derivative thereof. Because these claims will require

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**           'O'

| Case No. | 2:13-cv-04111-CAS(PLAx) | Date | October 20, 2014 |
|---|---|---|---|
| Title | ROMYE ROBINSON ET AL. V. DELICIOUS VINYL RECORDS INC, ET AL. | | |

interpretation of the prohibitory language contained in the assignment clause, these claims "arise under" the Settlement and Dissociation Agreement.

Further, the Court finds that the two claims for violation of the right of publicity are "related to the terms" of the Settlement and Dissociation Agreement. As discussed by the Ninth Circuit in Simula, Inc., "[t]o require arbitration, [plaintiff's] factual allegations need only 'touch matters' covered by the contract containing the arbitration clause and all doubts are to be resolved in favor of arbitrability." 175 F.3d at 721. Here, allegations that Hardson used "photographs and likenesses" of the plaintiffs without their prior consent "touch" upon the provisions of the Settlement and Dissociation Agreement prohibiting use of plaintiffs' trademarks and derivatives thereof. Indeed, the prohibitory language of the assignment clause expressly permits plaintiffs to use "Hardson's name and likeness." It follows that the use of *plaintiffs'* likeness by Hardson "relates to" these terms.

Finally, the Court is not convinced that compelling plaintiffs to arbitrate the above claims will lead to inconsistent rulings. First, as discussed in a concurrently issued order, the Court has granted plaintiffs' request for terminating sanctions against defendant Stewart. Thus, any inconsistency with regard to Stewart is moot. Second, although eleven of the claims that will be arbitrated with respect to Hardson are also asserted against DVI, the rights of DVI and Hardson to use plaintiffs' intellectual property appear to be governed by separate contracts, as discussed supra. Thus, for example, determining whether DVI is liable for common law trademark infringement will require the Court to look to the terms of the Recording Contract as amended in 1997, but will not require interpretation of the Settlement and Dissociation Agreement. Third, the only remaining claim to be adjudicated against Hardson in this Court is whether he breached the Tour Agreement. Although, as plaintiffs note, evidence similar to that presented in arbitration will likely be used to resolve this claim, the Court is not convinced that this requires denial of Hardson's motion.

In light of the strong presumption in favor of arbitrability—which applies with particular force to broadly worded arbitration provisions—the Court finds that all twelve claims at issue are subject to the arbitration provision contained in the Settlement and Dissociation Agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-04111-CAS(PLAx) | Date | October 20, 2014 |
| Title | ROMYE ROBINSON ET AL. V. DELICIOUS VINYL RECORDS INC, ET AL. | | |

## V. CONCLUSION

In accordance with the foregoing, the Court GRANTS defendant Hardson's motion to compel arbitration of the following claims, as alleged in the FAC: (1) breach of the Settlement/Dissociation Agreement; (4) common law trademark infringement of the "Pharcyde" mark; (5) common law trademark infringement of the "Bizarre Ride II the Pharcyde" mark; (6) violation of the right of publicity pursuant to Cal. Civil Code § 3344; (7) violation of the common law right of publicity; (8) unfair competition pursuant to 15 U.S.C. § 1125(a); (9) unfair competition pursuant to Cal. Bus. & Prof. Code §17200; (10) false advertising pursuant to Cal. Bus. & Prof. Code § 17500; (11) unjust enrichment; (12) injunctive relief; (13) accounting; and (14) declaratory relief.

The parties shall meet and confer regarding whether this action should be stayed pending resolution of the arbitration proceedings.

IT IS SO ORDERED.

| | 00 | : | 03 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |