UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:13-cv-04111-CAS(PLAx) | Date | October 20, 2014 |
| Title | ROMYE ROBINSON ET AL. V. DELICIOUS VINYL RECORDS INC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Katherine Stride | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Gregory Young | Jonathan Freund |
| | Stephen Crump |

**Proceedings:**    DEFENDANT DELICIOUS VINYL'S MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

Plaintiffs Romye Robinson ("Robinson") and Imani Wilcox ("Wilcox") filed this action in this Court on June 7, 2013 against defendants Trevant Hardson ("Hardson"), Derrick Stewart ("Stewart"), Delicious Vinyl, Inc. ("DVI"), and Does 1-50. Plaintiffs' operative first amended complaint ("FAC") asserts the following fourteen claims for relief: (1) breach of the Settlement/Dissociation Agreement; (2) breach of the Tour Agreement; (3) breach of the Recording Contract as amended by the 1997 Amendment; (4) common law trademark infringement of the "Pharcyde" mark; (5) common law trademark infringement of the "Bizarre Ride II the Pharcyde" mark; (6) violation of the right of publicity pursuant to Cal. Civil Code § 3344; (7) violation of the common law right of publicity; (8) unfair competition pursuant to 15 U.S.C. § 1125(a); (9) unfair competition pursuant to Cal. Bus. & Prof. Code §17200; (10) false advertising pursuant to Cal. Bus. & Prof. Code § 17500; (11) unjust enrichment; (12) injunctive relief; (13) accounting; and (14) declaratory relief. Dkt. 71. Plaintiffs assert claim one solely against Hardson, claim two against both Hardson and Stewart, and claim three solely against DVI. Plaintiffs assert the remaining eleven claims against all defendants.

By order dated August 1, 2013, the Court issued a preliminary injunction against all defendants. Dkts. 49, 50. Defendants subsequently filed a motion to dismiss plaintiffs' original complaint, which the Court granted in part on October 7, 2013. Dkt. 64. Plaintiffs then filed the aforementioned verified FAC on November 7, 2013. Dkt. 71.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-04111-CAS(PLAx) | Date | October 20, 2014 |
| Title | ROMYE ROBINSON ET AL. V. DELICIOUS VINYL RECORDS INC ET AL. | | |

On September 22, 2014, defendant DVI filed a motion for summary judgment or, in the alternative, partial summary judgment. Dkt. 114. Plaintiffs opposed the motion on September 29, 2014, dkt. 121, and DVI replied on October 6, 2014, dkt. 128. The Court held a hearing on October 20, 2014. Having considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

This case arises from a disagreement among the current and former members of a hip-hop group and their record label. Except where expressly noted, the following facts are not in dispute.

### A. Overview

Plaintiffs Romye Robinson and Imani Wilcox and defendants Trevant Hardson and Derrick Stewart performed together as a hip hop group under the collective name "The Pharcyde" from 1989 until 1997. FAC ¶ 15. On or about May 31, 1992, plaintiffs and defendants Hardson and Stewart entered into a recording contract with defendant DVI (the "Recording Contract"). Def.'s Stmt. Undisp. Facts ("DSUF") ¶ 1; Pls.' Resp. to Def.'s Stmt. Undisp. Facts ("PRDSUF") ¶ 1. In November 1992, DVI recorded, produced, and released the Pharcyde's debut album *Bizarre Ride II the Pharcyde* ("*Bizarre Ride*"). DSUF ¶ 2; PRDSUF ¶ 2. Defendant Stewart left the group in 1997. FAC ¶ 15.

On or about December 5, 1997, plaintiffs, Hardson and DVI entered into an agreement terminating and amending the Recording Contract (the "1997 Amendment"). DSUF ¶ 3; PRDSUF ¶ 3. The Recording Contract and the 1997 Amendment granted DVI rights to use plaintiffs' intellectual property in connection with the sale or promotion of certain recordings. See, e.g., DSUF ¶ 6; PRDSUF ¶. However, the parties dispute the scope of these rights and the meaning of certain provisions of the 1997 Amendment.

The Pharcyde continued performing as a trio, consisting of plaintiffs and Hardson, until August 1, 1999, when Hardson dissociated from the group. FAC ¶ 20. In 2004, Hardson and plaintiffs entered into a Settlement and Dissociation Agreement to memorialize the parties' rights following Hardson's departure. Id. Ex. 3. Subsequently, in June 2008, plaintiffs and defendants Hardson and Stewart executed a tour agreement in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL             'O'

| | | | |
|---|---|---|---|
| Case No. | 2:13-cv-04111-CAS(PLAx) | Date | October 20, 2014 |
| Title | ROMYE ROBINSON ET AL. V. DELICIOUS VINYL RECORDS INC ET AL. | | |

preparation for a reunion tour (the "Tour Agreement").  Id. ¶ 21.  The Tour Agreement provided that plaintiffs retained ownership of the Pharcyde name, intellectual property, and likenesses.  Id. Ex. 4 ¶ 3.

According to plaintiffs, Hardson and Stewart have engaged in a "persistent pattern" of performing under the Pharcyde name and using the Pharcyde and "Bizarre Ride II the Pharcyde" marks in promotional materials.  Id. ¶ 24.  Plaintiffs allege that DVI serves as the promoter for Hardson and Stewart's live performances, and that Hardson and Stewart persist in their conduct despite receiving cease and desist letters from plaintiffs.  Id. ¶¶ 26-27.  Plaintiffs further allege that defendants scheduled live performances under the Pharcyde name, using "the Pharcyde" and "Bizarre Ride II the Pharcyde" marks, sometimes several weeks before plaintiffs were scheduled to give live performances in the same location.  Id. ¶ 29.  On or around June 7, 2013, plaintiffs filed the instant action against DVI, Hardson and Stewart, seeking both damages and equitable relief.

### B.     The 1997 Amendment to the Recording Contract

DVI's motion for summary judgment rises and falls on the interpretation of the following provisions contained in the 1997 Amendment to the Recording Contract:

> 19.07. [Plaintiffs] will not be entitled to recover damages or to terminate the term of this agreement by reason of any breach by [DVI] of its material obligations, unless [DVI] has failed to remedy the breach within sixty (60) days following receipt of your notice thereof.  (The "Notice and Cure Provision").

> 17.01. [A]ll notices under this agreement shall be in writing and shall be given by courier or other personal delivery or by registered or certified mail at the appropriate address below or at a substitute address designated by notice by the party concerned: . . . TO COMPANY:  DELICIOUS VINYL, L.L.C.  6607 Sunset Boulevard Los Angeles, California 90028 Attention: President.  (The "Mailing Provision").

FAC Ex. 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:13-cv-04111-CAS(PLAx) | Date | October 20, 2014 |
| Title | ROMYE ROBINSON ET AL. V. DELICIOUS VINYL RECORDS INC ET AL. | | |

### III. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential element of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

### IV. DISCUSSION

DVI bases its motion for summary judgment on plaintiffs' alleged failure to comply with the Notice and Cure Provision of the 1997 Amendment to the Recording Contract. DVI contends that the Notice and Cure Provision requires plaintiffs to provide

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-04111-CAS(PLAx) | Date | October 20, 2014 |
| Title | ROMYE ROBINSON ET AL. V. DELICIOUS VINYL RECORDS INC ET AL. | | |

DVI with 60-days notice as a condition precedent to initiating a lawsuit for breach of contract. According to DVI, plaintiffs failed to comply with this condition precedent and their claims for damages are therefore barred. Mot. SJ at 1. DVI further contends that plaintiffs' remaining claims for equitable relief should be barred pursuant to the doctrine of unclean hands, since the claims "arise from the same conduct which [plaintiffs] failed to give DVI an opportunity to cure." Id.

In opposition, plaintiffs assert that the plain language of section 19.07 of the 1997 Amendment does not require notice prior to filing a lawsuit. Opp'n SJ at 1. Instead, plaintiffs contend that section 19.07 only requires provision of notice prior to recovering damages or obtaining some form of provisional relief against DVI. Id. at 4-5. Moreover, plaintiffs argue that they provided DVI with the requisite 60-day notice by sending DVI a notice letter on March 27, 2013, and by serving DVI with the original complaint on June 7, 2013. Id. 1. DVI responds that plaintiffs' interpretation of the Notice and Cure Provision is unreasonable. Reply at 5. DVI also contests both the authenticity and sufficiency of the March 27, 2013 notice letter, and denies having received it in any event. Id. at 8-9.

Resolution of this dispute requires the Court to construe the Notice and Cure Provision. Under California law, "[t]he language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity," and "[w]hen a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible." Cal. Civ. Code §§ 1638–1639. Additionally, "[t]he whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other." Id. § 1641. Moreover, "[t]he words of a contract are to be understood in their ordinary and popular sense, rather than according to their strict legal meaning; unless used by the parties in a technical sense, or unless a special meaning is given to them by usage, in which case the latter must be followed." Id. § 1644. Finally, "[a] contract must receive such an interpretation as will make it lawful, operative, definite, reasonable, and capable of being carried into effect, if it can be done without violating the intention of the parties." Id. § 1643.

DVI argues that the "ordinary or common meaning" of the language of section 19.07 requires plaintiffs to provide notice prior to filing a lawsuit. Specifically, DVI asserts that Merriam-Webster defines "recover" as to "gain by legal process," or "to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-04111-CAS(PLAx) | Date | October 20, 2014 |
| Title | ROMYE ROBINSON ET AL. V. DELICIOUS VINYL RECORDS INC ET AL. | | |

obtain a legal judgment in one's favor." Mot. SJ at 8.[1] According to DVI, the only reasonable interpretation of "recover damages" is to require notice prior to instituting a lawsuit, since otherwise, "notice and opportunity to cure would not be required until after the parties had already extensively litigated the material breach, completely defeating the purpose of the provision." Reply at 5. To the contrary, plaintiffs assert that the language of section 19.07 plainly "contains no prohibition against filing of a lawsuit seeking damages for breach of the agreement." Opp'n SJ at 3.

The Court agrees with plaintiffs. As discussed supra, section 19.07 provides that plaintiffs "will not be entitled to recover damages . . . by reason of any breach by [DVI] of its material obligations, unless [DVI] has failed to remedy the breach within sixty (60) days following receipt of your notice thereof." Taking this language at face value—and adopting the Merriam-Webster definition of "recover" proffered by DVI—section 19.07 solely prohibits plaintiffs from obtaining a judgment for damages against DVI absent provision of 60-day notice of any alleged breach. Moreover, the 1997 Amendment's Mailing Provision provides that notice "shall be given by courier or other personal delivery or by registered or certified mail." FAC Ex. 2, § 17.01. Interpreting section 19.07 to permit notice via service of a summons and complaint comports with the Mailing Provision's heightened delivery requirements. The Court thus finds that the Notice and Cure Provision is capable of being read as only requiring 60-day notice before damages can be awarded, and not before suit can be filed.

Consistent with this interpretation, the Court finds that plaintiffs have complied with the Notice and Cure and Provision. It is undisputed that plaintiffs filed the instant lawsuit on June 7, 2013, and served DVI with the summons and complaint on June 13, 2013. Dkts. 1, 11. Further, DVI does not contest the authenticity of the complaint, or the adequacy of the notice provided therein.[2] Because plaintiffs have yet to recover damages in this action, it follows that DVI has received the requisite 60-day notice.

---

[1] Citing http://www.merriam-webster.com/dictionary/recover

[2] As noted supra, DVI does contest the authenticity and adequacy of the March 27, 2013 notice letter proffered by plaintiffs. Reply at 8-9. However, because the Court finds that plaintiffs' complaint provided DVI with the requisite notice, the parties' disagreement regarding the letter is immaterial to the resolution of this motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-04111-CAS(PLAx) | Date | October 20, 2014 |
| Title | ROMYE ROBINSON ET AL. V. DELICIOUS VINYL RECORDS INC ET AL. | | |

Moreover, contrary to DVI's assertions, this interpretation of the notice provision does not lead to "absurdities." Although the Court agrees that the purpose of a notice provision is "to allow the parties to negotiate settlements," Reply at 4, this purpose is not undermined by a finding that the complaint provided DVI with sufficient notice of its alleged breach. It appears to the Court that nothing precluded the parties from engaging in settlement negotiations once the complaint was served.

The Court is similarly unconvinced that section 19.07 operates as a condition precedent to filing a lawsuit. In making this argument, DVI relies on Clark v. Tide Water Assoc. Oil Co., 98 Cal. App. 2d 488, 491 (1950), where the California Court of Appeal found that a 20-day notice and cure provision in a commercial lease operated as a condition precedent to filing a lawsuit for breach of the lease. DVI asserts that the instant Notice and Cure Provision is "very similar" to the provision at issue in Clark. Mot. SJ at 7. The provision in Clark provided, in pertinent part:

> [I]f such default be not corrected within 20 days after receipt by lessee of written notice specifying the default, lessor shall have the right to elect to terminate the lease or to re-enter the premises and remove all persons therefrom, or *to take any other action for the enforcement of any right or remedy available to lessor by law or equity*.

Id. at 490 (emphasis in original). The language of section 19.07 is not "very similar" to the language in Clark. Indeed, section 19.07 contains no reference to an "action for the enforcement of any right or remedy available . . . by law or equity"—the phrase expressly relied upon by the Clark court in construing the notice provision as a condition precedent to filing a lawsuit. Thus, Clark does not control the interpretation of section 19.07.

Because the Court concludes that section 19.07 does not prohibit plaintiffs from providing notice to DVI by properly filing and serving a civil complaint, the Court finds that plaintiffs provided DVI with the requisite notice of its alleged breach of the Recording Contract, as amended. Thus, plaintiffs' claims against DVI are not barred and the Court cannot conclude that DVI is entitled to judgment as a matter of law. Accordingly, the Court DENIES DVI's motion for summary judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-04111-CAS(PLAx) | Date | October 20, 2014 |
| Title | ROMYE ROBINSON ET AL. V. DELICIOUS VINYL RECORDS INC ET AL. | | |

## V.  CONCLUSION

In accordance with the foregoing, the Court DENIES defendant DVI's motion for summary judgment in its entirety.

IT IS SO ORDERED.

|   |   |   |
|---|---|---|
|   | 00 | : 03 |
| Initials of Preparer | CMJ | |