UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## AMENDED CIVIL MINUTES - GENERAL  'O'

| Case No. | 2:13-cv-04111-CAS(PLAx) | Date | October 20, 2014 |
|---|---|---|---|
| Title | ROMYE ROBINSON ET AL. V. DELICIOUS VINYL RECORDS INC, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Katherine Stride | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Gregory Young | Jonathan Freund |
| | Stephen Crump |

**Proceedings:** PLAINTIFFS' MOTION FOR TERMINATING, EVIDENTIARY, AND MONETARY SANCTIONS

## I. INTRODUCTION

The background facts of this case are set forth in the Court's orders on defendant DVI's motion for summary judgment and defendant Hardson's motion to compel arbitration.

On September 5, 2014, plaintiffs filed the instant motion for terminating, evidentiary, and monetary sanctions against defendant Stewart. Dkt. 109. Plaintiffs base their motion on Stewart's violation of the Court's August 4, 2014 order instructing Stewart to appear for a deposition in this matter no later than August 20, 2014. See Dkt. 97. The Court issued the August 4, 2014 order in response to Stewart's failure to attend two scheduled depositions. Id. Plaintiffs seek the following sanctions:

(1) Termination of Stewart's defense;

(2) Preclusion of any testimony by Stewart on behalf of the remaining defendants; and

(3) Compensation for the costs and attorneys' fees incurred in bringing this motion.

Mot. Sanct. at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**    'O'

| Case No. | 2:13-cv-04111-CAS(PLAx) | Date | October 20, 2014 |
|---|---|---|---|
| Title | ROMYE ROBINSON ET AL. V. DELICIOUS VINYL RECORDS INC, ET AL. | | |

Although Stewart was originally represented by defense counsel—who has litigated this action since its inception on behalf of all three defendants—the Court approved defense counsel's request to be relieved as counsel for Stewart on August 19, 2014. Dkt. 105. Since then, Stewart has not retained substitute counsel and he has not filed an opposition to plaintiffs' motion in *pro per*. The Court held a hearing on October 20, 2014, where Stewart did not appear. Having considered plaintiffs' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Under Fed.R.Civ.P. 37(b)(2), the district court has the authority to impose case dispositive sanctions for the violation of a discovery order. The Ninth Circuit has devised a "test" that "provides the district court with a way to think about what to do," but which is not mechanical and does not set forth conditions precedent to the issuance of case dispositive sanctions. The factors of that test are as follows: (1) The public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. The "subparts" of the fifth factor are: Whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions. See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007); see also Valley Engineers v. Electric Eng'g Co., 158 F.3d 1051, 1057 (9th Cir.1998); Henry v. Gill Indus. Inc., 983 F.2d 943, 948 (9th Cir.1993); Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 n. 4, 1412–13 (9th Cir.1990) (setting forth five-part test and observing that same test applies whether plaintiff's case is dismissed or default is entered against defendant for discovery violations). Further, in order for dismissal to be justified, the violating party's conduct must rise to the level of "willfulness, bad faith, or fault," which can be demonstrated by disobedient conduct "not shown to be outside the control of the litigant." See Henry, 983 F.3d at 948.

A party's failure to comply with a court order may also be sanctioned under Fed. R. Civ. P. 41(b). Both Rule 37 and Rule 41 provide for dismissal of an action as a possible sanction for a violation of a court order, and the standards governing dismissal for a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

AMENDED CIVIL MINUTES - GENERAL          'O'

| Case No. | 2:13-cv-04111-CAS(PLAx) | Date | October 20, 2014 |
|---|---|---|---|
| Title | ROMYE ROBINSON ET AL. V. DELICIOUS VINYL RECORDS INC, ET AL. | | |

party's failure to comply with a court order are essentially the same under both rules.  See Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir.1987)

### III.  DISCUSSION

#### A.  Terminating Sanctions

Plaintiffs argue that terminating sanctions are appropriate because Stewart's non-compliance with the Court's August 4, 2014 order was willful, plaintiffs will suffer prejudice if Stewart is not terminated as a defendant, and lesser sanctions would be futile. See generally Mot. Sanct.

First, the Court finds that Stewart's conduct was willful and "not shown to be outside the control of the litigant."  On August 19, 2014—a day before Stewart's scheduled deposition and the Court-ordered deposition deadline—plaintiffs received an email from Stewart's former counsel indicating that Stewart was leaving the country for a month and would not be available for his deposition.  Mot. Sanct. at 6, Young Decl. ¶ 7, Ex. 3.  Nothing in the record indicates that Stewart's decision to leave the country was out of his control.

Second, the Court finds that plaintiffs would be prejudiced if Stewart were permitted to proceed as a party in this litigation, absent Stewart's meaningful participation in the discovery process.  The Ninth Circuit has stated that a party "suffers prejudice if the [opposing party's] actions impair the [party's] ability to go to trial or threaten to interfere with the rightful decision of the case."  Henry, 983 F.2d at 948.  Plaintiffs contend that, if the affirmative defenses and denials asserted by Stewart in his Answer to plaintiffs' first amended complaint survive, plaintiffs will have been "precluded from . . . challeng[ing] those defenses and discover[ing] any facts supporting the alleged denial."  Mot. Sanct. at 5.  The Court agrees that this would be an unjust result likely to interfere with the rightful decision of this case.

Third, in light of Stewart's willful violation of the Court's order, the Court finds that lesser sanctions are not warranted.  Moreover, the Honorable Paul L. Abrams, United States Magistrate Judge, already imposed monetary sanctions on Stewart in the amount of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-04111-CAS(PLAx) | Date | October 20, 2014 |
|---|---|---|---|
| Title | ROMYE ROBINSON ET AL. V. DELICIOUS VINYL RECORDS INC, ET AL. | | |

$1,154 for his failure to appear at a previously scheduled deposition. Dkt. 108.[1]  See also Henry, 983 F.2d at 948 (upholding imposition of terminating sanctions where "[t]here was no reason to expect that [the sanctioned party] would respond more satisfactorily to a second round of intermediate sanctions than he did to the first."). It thus does not appear that any lesser sanction would compel Stewart to participate in the discovery process.

In light of Stewart's willful disobedience of this Court's August 4, 2014 order and the prejudice plaintiffs would likely suffer if Stewart were permitted to continue as a party to this action, the Court GRANTS plaintiffs' motion for terminating sanctions against defendant Stewart.

### B. Evidentiary Sanctions

Plaintiffs also seek an order "prohibiting Defendant Stewart from testifying at trial in support of the defenses of . . . his co-Defendants." Mot. Sancts. at 6. On this record, the Court finds that the imposition of such evidentiary sanctions would be premature. Moreover, it does not appear from the record before the Court that co-defendants DVI and Hardson are responsible for, or in any way encouraged, Stewart's willful violation of the Court's August 4, 2014 order. Accordingly, the Court DENIES plaintiffs' motion for evidentiary sanctions without prejudice to it being renewed at trial.

### C. Monetary Sanctions

As noted above, terminating sanctions are the most drastic form of sanctions that a court may impose. In light of the Court's decision to impose terminating sanctions, the Court finds that it is unnecessary to award plaintiffs monetary sanctions beyond those

---

[1] Although Judge Abrams' order imposing monetary sanctions on Stewart was not issued until August 27, 2014—i.e., after Stewart violated the Court's August 4, 2014 order—it appears from the record that Stewart was on notice no later than August 1, 2014, that the imposition of such sanctions was likely. Stewart nonetheless opted to leave the country instead of attending his rescheduled deposition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-04111-CAS(PLAx) | Date | October 20, 2014 |
|---|---|---|---|
| Title | ROMYE ROBINSON ET AL. V. DELICIOUS VINYL RECORDS INC, ET AL. | | |

already awarded by Judge Abrams. Accordingly, the Court DENIES plaintiffs' motion for monetary sanctions.

## IV. CONCLUSION

In accordance with the foregoing, the Court GRANTS plaintiffs' request for terminating sanctions, DENIES plaintiffs' request for monetary sanctions, and DENIES without prejudice plaintiffs' request for evidentiary sanctions. **\*Defendant Derrick Stewart's Answer is hereby stricken.**

IT IS SO ORDERED.

|  | 00 | : | 03 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |